**COMMONWEALTH of Pennsylvania,**
**Appellant,**

v.

**$73,671.30 CASH, U.S. CURRENCY, AND ASSORTED FIREARMS (Richard ARTELLO/Susan SMITH).**

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 1994.

Decided Jan. 6, 1995.

Mary Benefield Seiverling, Sr. Deputy Atty. Gen., for appellant.

James K. Vogel, First Asst. Dist. Atty., for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

The Attorney General of Pennsylvania (Attorney General) appeals an order of the

Court of Common Pleas of Erie County (trial court) distributing forfeited property between the Attorney General and the Erie County District Attorney (District Attorney) on property seized solely by the Pennsylvania State Police (State Police).

The facts of this case are not in dispute. On February 23, 1991, pursuant to a search warrant, the State Police seized numerous items, including cash, firearms, and marijuana, from the residence of Richard Artello (Artello) under 42 Pa.C.S. § 6801 (Forfeiture Act). Artello was arrested for various offenses, including violation of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act),[1] and was subsequently prosecuted by the District Attorney and convicted of those offenses. Four days after the arrest, the Attorney General filed a petition in the trial court seeking the forfeiture of the items seized. The District Attorney intervened, contending that it also had a right to a portion of the seized property.

After Artello was prosecuted by the District Attorney and convicted, a hearing was held on the Attorney General's forfeiture petition.[2] Before the trial court, the Attorney General argued that, pursuant to Sections 6801(e)[3] and 6801(g)[4] of the Forfeiture Act, forfeited property is to be distributed between the district attorney and Attorney General only if both state and local law enforcement authorities "were substantially involved in effecting the seizure." 42 Pa.C.S. § 6801(g). Otherwise, it was to go solely to the law enforcement agency "seizing the property." 42 Pa.C.S. § 6801(e). Since only the State Police were involved in the seizure of the property from Artello, the Attorney

General argued that it alone was entitled to the forfeited property. Countering, the District Attorney contended that, since its prosecution of Artello greatly facilitated the forfeiture of the property, and since it had expended a significant amount of time and effort in effectuating this prosecution, it should be entitled to an equitable portion of the forfeited property. After hearing the role that the State Police played in the seizure and the District Attorney played in the prosecution, and finding that the District Attorney helped effectuate the seizure, the trial court awarded fifty percent of the forfeited property to the Attorney General and fifty percent to the District Attorney. The Attorney General then filed the instant appeal.

■ The only issue before us is whether the mere prosecution of an underlying violation of the Drug Act by the District Attorney constitutes substantial involvement under Section 6801(g) of the Forfeiture Act entitling it to a portion of the seized property. The Attorney General contends that, under the clear language of Section 6801(g) of the Forfeiture Act, the District Attorney is not entitled to any of the forfeited funds because it was not "substantially involved in effecting the seizure." As he points out, a seizure occurs at the moment when law enforcement authorities physically dispossess an owner of his or her property, which, in this case, was at the time of the arrest. *See Commonwealth v. Milyak*, 508 Pa. 2, 493 A.2d 1346 (1985). For property to be seized and forfeited, neither a criminal prosecution nor a conviction is required. *Commonwealth v. 502–504 Gordon St.*, 147 Pa.Commonwealth Ct. 330, 607 A.2d 839 (1992), *affirmed*, 535 Pa. 515, 636 A.2d 626 (1994). The property

---

1. Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780–113.

2. At the forfeiture hearing, the District Attorney indicated that the parties had settled the forfeiture action, with some of the items being returned to their owners, Mr. and Mrs. Nick Artello, but with a substantial portion of the seized property still being forfeited. This settlement was approved by the trial court and is not before us on the instant appeal.

3. Section 6801(e) provides that,

[w]henever property is forfeited under this chapter, the property shall be transferred to

the custody of the district attorney, if the law enforcement authority seizing the property has local or county jurisdiction, or the Attorney General, if the law enforcement authority seizing the property has Statewide jurisdiction. 42 Pa.C.S. § 6801(e).

4. Section 6801(g) provides that,

[i]f both municipal and State law enforcement authorities were substantially involved in effecting the seizure, the court having jurisdiction over the forfeiture proceedings shall equitably distribute the property between the district attorney and the Attorney General. 42 Pa.C.S. § 6801(g).

is forfeited, not as a result of the criminal conviction of the person or persons from whom the property was seized, but through a separate civil proceeding in which the law enforcement agency seeking the property must show, by a preponderance of the evidence, only a nexus between the property sought to be forfeited and the possessor's unlawful activity. *Commonwealth v. $1920 U.S. Currency,* 149 Pa.Commonwealth Ct. 132, 612 A.2d 614 (1992). Because the property was seized at the time of Artello's arrest, and because only the State Police were involved in the seizure, under Section 6801(g), the Attorney General contends that the Commonwealth is entitled to the forfeited property. We agree.

■ Even though Artello's conviction obtained by the District Attorney facilitated the Attorney General's forfeiture of the seized property and, in fact, made it axiomatic, those efforts occurred after the seizure, the event that determines which agency or agencies is or are entitled to the forfeited property. Section 6801(g) specifically provides for the distribution of forfeited property only to those agencies having substantial involvement in effecting the seizure, not those whose efforts collaterally aided the Attorney General's ability to have the property forfeited.

To hold otherwise would be at variance with the overall statutory scheme of the Forfeiture Act regarding the distribution of forfeited property. The purpose of the Forfeiture Act is to allow law enforcement agencies "effecting the seizure" to recover the funds expended in the enforcement of the drug laws. To accomplish this purpose, the General Assembly provided that, when only local law enforcement authorities are involved in seizing subsequently forfeited property, all of the property is transferred to the district attorney, who, in turn, must redistribute all of the proceeds to the local law enforcement agencies. 42 Pa.C.S. §§ 6801(e), (f). Correspondingly, the Forfeiture Act also provides for the transfer of forfeited property to the

Attorney General when state law enforcement authorities' efforts solely effect the seizure of that property. 42 Pa.C.S. § 6801(e). Were we to adopt the interpretation of Section 6801(g) advanced by the District Attorney, every time a district attorney successfully prosecutes an action under the Drug Act, it would follow that local law enforcement agencies would automatically receive a portion of the forfeited property solely seized by the State Police and for which they expended no effort or funds. Such an interpretation is contrary to the General Assembly's express intention that statewide law enforcement authorities, just as their local counterparts, have the sole claim on forfeited property when they alone effected the seizure.

Because the trial court erred in awarding distribution of the forfeited property to the District Attorney, its order is reversed.

### ORDER

AND NOW, this 6th day of January, 1995, the Order of the Court of Common Pleas of Erie County dated February 23, 1994, at No. 426 MISC 1991, is reversed. All seized assets are to be forfeited to the Attorney General.

FRIEDMAN, J., dissents and files opinion.

FRIEDMAN, Judge, dissenting.

I believe that the majority has incorrectly interpreted the meaning of "effecting the seizure"[1] and, thus, has inappropriately precluded the Erie County District Attorney from receiving an equitable portion of the seized proceeds. Accordingly, I must dissent.

The majority limits the definition of "effecting the seizure" to the actual physical taking of the property sought to be forfeited. In doing so, the majority reasons that "Section 6801(g) specifically provides for the distribution of forfeited property only to those agencies having substantial involvement in effecting the seizure, not those whose efforts collaterally aided the Attorney General's abil-

---

1. Section 6801(g) of the Forfeiture Act, 42 Pa. C.S. § 6801(g), provides that:

    If both municipal and State law enforcement authorities were substantially involved in ef-

fecting the seizure, the court having jurisdiction over the forfeiture proceedings shall equitably distribute the property between the district attorney and the Attorney General.

ity to have the property forfeited." Majority op. at 95. I disagree with this narrow definition and subsequent analysis.

The General Assembly specifically included the term "effecting" within Section 6801(g); it did not simply use the term "seizing," which would support the majority's argument. If the legislature intended that property be distributed to the authorities seizing the property, then it would have plainly said so. However, by using the terminology "effecting the seizure," the legislature broadened the scope of seizure beyond the initial, perhaps temporary, physical taking of the property.

Black's Law Dictionary defines "effect" as "[t]hat which is produced by an agent or cause; result; outcome; consequence." Black's Law Dictionary 459–60 (5th ed. 1979). Furthermore, Webster's Third New International Dictionary defines "effect" as "to bring about esp. through successful use of factors contributory to the result." Webster's Third New International Dictionary 724 (1986). Guided by these definitions, I would conclude that the phrase "effecting the seizure" clearly means contributing to the establishment of the Commonwealth's right to take and, ultimately, acquire permanent possession of the property through forfeiture.

The majority correctly points out that for property to be seized and forfeited, neither a criminal prosecution nor a conviction is required. *Commonwealth v. 502–504 Gordon St.*, 147 Pa.Commonwealth Ct. 330, 607 A.2d 839 (1992), *aff'd*, 535 Pa. 515, 636 A.2d 626 (1994). However, when, as here, a criminal prosecution precedes an adjudication on the forfeiture petition of the Attorney General,

that prosecution has a significant effect upon the success of the subsequent petition for forfeiture. As such, a successful criminal prosecution contributes greatly to determining whether property is forfeitable. Here, the Attorney General filed a forfeiture petition four days after Artello's arrest and seizure of his property. Yet, the trial court delayed its adjudication on the forfeiture petition until after the criminal trial of Artello, the in rem property owner who was subsequently convicted of the relevant criminal charges.[2] Thus, it is apparent that this conviction had a profound effect on the forfeiture proceeding.[3] As such, the District Attorney should be entitled to an equitable portion of the seized proceeds.

Accordingly, I would affirm the trial court's order.

---

**2.** We note that the Attorney General would have no authority to prosecute Artello's criminal conduct under the prohibitions of the Commonwealth Attorneys Act. Section 205(a)(1)–(8) of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, No. 164, *as amended*, 71 P.S. § 732–205(a)(1)–(8); *Commonwealth v. Goodman*, 347 Pa.Superior Ct. 403, 500 A.2d 1117 (1985).

**3.** The majority notes that if it were to adopt the District Attorney's interpretation of Section

6801(g), then it would follow that local law enforcement agencies would automatically receive a portion of the forfeited property solely seized by the State Police and for which they expended no effort or funds. However, I believe that statement is incorrect. In my opinion, local law enforcement agencies would only be entitled to such proceeds if they successfully prosecuted the criminal defendant *prior* to the forfeiture proceeding.