**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert Leroy SMITH, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 3, 1998.

Filed Nov. 24, 1998.

James R. Gilmore, Asst. Dist. Atty., Pittsburgh, for Com., appellant.

Before CAVANAUGH, POPOVICH and MUSMANNO, JJ.

CAVANAUGH, J.:

The Commonwealth appeals from the judgment of sentence and the order entered December 11, 1996, by the Court of Common Pleas of Allegheny County which denied a consent forfeiture order and applied appellee's seized assets to pay appellee's fine and court costs. For the reasons set forth below, we reverse the order denying the consent forfeiture order, partially vacate the judgment of sentence and remand for proceedings consistent with this memorandum.

The relevant facts and procedural history of the matter are as follows: Appellee was charged by criminal information at No. CC 9610456 with one count of gambling devices or gambling, 18 Pa.C.S.A. § 5513. On December 11, 1996, appellee appeared before the Honorable Jeffrey A. Manning to enter his plea of guilty to the charge.

On that same day, appellee immediately proceeded to sentencing on a negotiated plea agreement which was stated by the prosecutor to consist of only a fine. The prosecutor additionally stated that appellee had agreed to forfeit the seized currency in the amount of $801.00 and presented the trial court with a consent asset forfeiture order, whereby appellee consented to forfeit that amount as derivative contraband.

The trial court accepted appellee's plea, but rejected the assistant district attorney's recommendation of a fine alone. Instead, the trial court imposed a sentence of six months probation, a fine of $800.00 and ordered appellee to pay the costs of prosecution. Additionally, the trial court denied the consent forfeiture order, instead directing that the monies seized in the amount of $801.00 be returned to appellee. The written judgment of sentence directed that the "$800 [is] to be returned to [appellee] for payment of [the] fine."

The Commonwealth appeals, raising the following issues for our review:

I. Did the trial court err in refusing to accept a consensual asset forfeiture Order in this case?

II. Did the sentencing court illegally direct that derivative contraband assets in the form of cash (that were consensually agreed upon by the parties as being such), satisfy fines and costs imposed as part of the judgment of sentence?

Appellant's brief at 5.[1]

■ Initially, we note that, ordinarily, appeals from decisions in forfeiture actions fall under the jurisdiction of the Commonwealth Court. *See* 42 Pa.C.S. § 762 (vesting jurisdiction in the Commonwealth Court in appeals from final orders of the courts of common pleas in civil actions commenced by the Commonwealth government); *see also Sugalski v. Cochran*, 365 Pa.Super. 370, 529 A.2d 1104, 1107 (Pa.Super.1987) ("[f]orfeiture proceedings have been held to be civil in rem proceedings, which are quasi criminal in nature"); *Commonwealth v. McDermond*, 127 Pa.Cmwlth. 17, 560 A.2d 901, 903 (Pa. Cmwlth.1989) (in proceedings for forfeiture, the Commonwealth is the plaintiff; therefore, jurisdiction to consider the forfeiture of gambling proceeds lies with the Commonwealth Court).

■ However, in this matter, the Commonwealth is appealing not only the denial of the application for forfeiture, but also the judgment of sentence. The Commonwealth claims that the condition of the sentence which directs the application of the seized currency to the mandatory fine and court costs is illegal. Therefore, this appeal properly falls within our appellate jurisdiction. *See In re One 1988 Toyota Corolla*, 675 A.2d 1290, 1295 (Pa.Cmwlth.1996) (in certain situations, the very nature of the court's order renders the issue of forfeiture criminal in nature; "e.g., where the appeal is from a judgment of sentence following a criminal defendant's guilty plea of driving under the influence of alcohol and the trial judge, as a condition of the defendant's probation, orders that the defendant's truck be forfeited. In such circumstances, any appeal from the trial

court's judgment of sentence would properly fall within the appellate jurisdiction of the Superior Court") (citing *Commonwealth v. Crosby*, 390 Pa.Super. 140, 568 A.2d 233 (Pa.Super.1990)); *see also* 42 Pa.C.S.A. § 9781(a) (providing for an absolute right to the Commonwealth to appeal from the legality of a sentence); *Commonwealth v. Jones*, 523 Pa. 138, 565 A.2d 732 (1989) (same); *Commonwealth v. Ferguson*, 381 Pa.Super. 23, 552 A.2d 1075 (Pa.Super.1988) (same).

■ Additionally, we note that

[i]n the interests of judicial economy, a ... panel of this court declined to transfer an appeal to the Commonwealth Court where neither party timely objected to the jurisdiction of the Superior Court. *See In re: Laying Out and Opening a Private Road*, [405] Pa.Super. [298], 592 A.2d 343 (1991) (even where Commonwealth Court has claimed exclusive jurisdiction over subject matter of appeal, Superior Court can retain case in interests of judicial economy).

*Commonwealth v. Giffin*, 407 Pa.Super. 15, 595 A.2d 101, 104 (Pa.Super.1991). Neither party in the instant appeal has questioned the exercise of appellate jurisdiction by this court. Therefore, any challenge on this ground is deemed waived. *See* Pa.R.A.P., Rule 741(a), 42 Pa.C.S.A. (providing for the perfection of jurisdiction in an appellate court in which appeal was filed upon the appellee's failure to timely object); *General Municipal Authority v. Yuhas*, 392 Pa.Super. 397, 572 A.2d 1291, 1293 (Pa.Super.1990) (it is within a panel's discretion to decline transferring a case even where Commonwealth Court has exclusive jurisdiction over matters raised on appeal if neither party objects to the exercise of appellate jurisdiction by the Superior Court).

The Commonwealth's first argument on appeal is that the trial court erred in refusing to accept the consensual asset forfeiture order presented at the time of the guilty plea and sentencing of appellee. We are unable to find any case law involving a similar factual situation in which a trial court denied a

1. The companion case of *Commonwealth v. Alston*, 722 A.2d 161 (Pa.Super.1998), also decided today, considers identical issues raised under the forfeiture provisions of the Controlled Substance, Drug, Device and Cosmetic Act.

consent forfeiture order wherein the defendant conceded that the monies or other goods were derivative contraband and agreed to the forfeiture.

■ Pursuant to 18 Pa.C.S.A. § 5513(b), "[a]ny gambling device possessed or used in violation of the provisions in subsection (a) of this section [offense defined] shall be seized and forfeited to the Commonwealth. All provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of intoxicating liquor shall apply to the seizure and forfeitures under the provisions of this section." *See also McDermond*, 560 A.2d at 903 ("pursuant to section 5513(b) of the Crimes Code, 18 Pa.C.S. § 5513(b), the seizure and forfeiture of gambling devices, *including money*, are controlled by Section 602 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 6–602, which details the procedure for the forfeiture of intoxicating liquors") (emphasis added).

[I]t is well settled that "[m]oney is not, ordinarily, itself, an instrumentality of gambling." However, money may be seized and forfeited to the Commonwealth if it is derivative contraband of an illegal gambling operation. Pennsylvania courts have held that money in such instances may be forfeited when the circumstances are such that it is clearly apparent that the money, being commingled with other such money, had not, previous to the seizure, been reclaimed and taken back into the possession of the player nor been received and reduced to the exclusive possession of the winner or owner of the gambling device, or proprietor of the gambling establishment.

*Id.* at 903 (citations omitted).

We note that no formal written forfeiture petition was ever filed in this case. However, both the Commonwealth and the trial court considered the Commonwealth's offer to submit a consent forfeiture order at the time of the plea and sentencing as an oral application for forfeiture and we will do the same.[2] Additionally, we recognize that this procedure has the benefit of efficiency and judicially economizes the adjudication of a

forfeiture to a time and place where an entitlement and the right to forfeiture are clearly before the court. Further, courts of this Commonwealth have implicitly recognized that an oral application for forfeiture may be considered in analogous situations involving forfeiture under the Controlled Substance, Drug, Device and Cosmetic Act ("CSDDCA"), 42 Pa.C.S.A. §§ 6801–6802. *See Commonwealth v. Pomerantz*, 393 Pa.Super. 186, 573 A.2d 1149, 1150 (Pa.Super.1989) (a panel of this court vacated an order of the trial court which purported to grant a petition for forfeiture after finding that no such petition had been filed *"nor orally presented to the trial court"*) (emphasis added); *see also Commonwealth v. Fontanez*, 679 A.2d 1361, 1367 n. 14 (Pa.Cmwlth.1996), *allocatur granted*, 547 Pa. 732, 689 A.2d 236 (1997) (there is no authority prohibiting an oral forfeiture motion).

The Commonwealth Court has set forth the requirements of the Liquor Code's forfeiture provision of 47 P.S. § 6–602 as follows:

The procedure for forfeiture pursuant to Section 602(d) of the Liquor Code, 47 P.S. § 6–602(d), is such that upon the filing of a forfeiture petition by the Commonwealth, a hearing is scheduled if a claim is filed which asserts a right of possession in the seized property. At this hearing, the Commonwealth must establish by a preponderance of the evidence that the property was unlawfully used or possessed. Once the Commonwealth meets this burden, the burden shifts to the claimant to establish (1) that he is the owner of the property; (2) that he lawfully acquired the same; and (3) that it was not unlawfully used or possessed.

*McDermond*, 560 A.2d at 904.

■ By signing the consent forfeiture order, appellee agreed that the money involved was derivative contraband and admitted the nexus between the money and the illegal gambling activity. Further, by signing the consent forfeiture order, appellee informed the court that he did not contest the forfeiture and chose not to exercise his right to contest the proceeding. Therefore, we find

---

**2.** We note that appellee has chosen not to participate in this appeal.

that the formal requisites of the Forfeiture Act were met through the submission of the consent forfeiture order.

 However, in refusing to accept the consent forfeiture order, the trial court focused on the requirement set forth in 42 Pa.C.S.A. § 6801(c) of the CSDDCA that forfeiture proceedings had to be instituted "forthwith." The trial court then denied the Commonwealth's application for forfeiture as having been untimely made in contravention to the "forthwith" requirement of the statute. However, we find that the trial court's reasoning is inapplicable to the instant appeal in which the Commonwealth's right to the seized money derives from the forfeiture provision of the Liquor Code and not the CSDDCA. We further note that there is no "forthwith" requirement under the relevant provision of the Liquor Code. In any event, we find that even if such a provision is applicable, the oral application in this matter was not untimely.

In interpreting the meaning of the "forthwith" filing requirement under the former controlled substance forfeiture provision found in 35 P.S. § 708–128(c) [3] (repealed), the Commonwealth Court determined that a showing of prejudice is necessary to set aside a forfeiture action as untimely:

> This Court has previously defined the term "forthwith" as it was used in the Vehicle Code. "We have never construed the 'forthwith' requirement to fix an arbitrary time limit; rather, we have held that ... compliance within a reasonable time is sufficient." *Department of Transportation, Bureau of Traffic Safety v. Passerella*, 42 Pa.Commonwealth Ct. 352, 354, 401 A.2d 1, 2 (1979). "[A]bsent a showing of prejudice, the mere passage of time ... is not sufficient justification to set aside the action...." *Department of Transportation, Bureau of Traffic Safety v. Lea*, 34 Pa.Commonwealth Ct. 310, 312, 384 A.2d 269, 270–71 (1978).

*Matter of Kulbitsky*, 112 Pa.Cmwlth. 477, 536 A.2d 458, 462 (Pa.Cmwlth.1988) (additional citation omitted). We find this definition to be equally applicable here.

This matter involved an *uncontested* forfeiture of seized assets. The forfeiture was agreed to at the time of the plea and sentencing by appellee, appellee's counsel and the Commonwealth. No prejudice has been alleged, much less proven due to the delay in instituting the forfeiture proceeding almost five months after seizure. *See Fontanez*, 679 A.2d 1361 (claimant did not meet his burden of establishing prejudice from a delay of two and one-half years in the filing of the oral forfeiture request by the Commonwealth).

Because we find that there has been no prejudice to appellee by the delay in instituting this proceeding which was uncontested at the time of the plea and sentencing, and indeed upon appeal, we conclude that the trial court abused its discretion by denying the Commonwealth's oral application for forfeiture.

Further, we are unpersuaded by trial court's rationale that "it views the Commonwealth's request for approval of the alleged 'consensual' Forfeiture Order as nothing more than a proposal—analogous to a requested plea agreement—which the court is always free to either accept or reject consistent with the facts presented." Trial Court Opinion at 7–8.

 We acknowledge that courts of this Commonwealth require a colloquy to establish a knowing and intelligent waiver of certain constitutional protections. By way of illustration, we have required such a colloquy in the context of waiving the right to jury trial, entering a guilty plea and waiving the right to counsel. *See Commonwealth v. Hayes*, 408 Pa.Super. 314, 596 A.2d 874, 876 (Pa.Super.1991) (on the record inquiry must demonstrate that the waiver of a defendant's right to a jury trial is an "intentional relinquishment or abandonment of a known right or privilege, and the accused must be aware of the 'essential protections inherent in a jury trial as well as the consequences attendant upon a relinquishment of those safe-

---

3. The former 35 P.S. § 708–128(c) (repealed) and the current provision found at 42 Pa.C.S.A. § 6801(c) are identically worded.

guards' "); *Commonwealth v. Persinger*, 532 Pa. 317, 615 A.2d 1305 (1992) (the goal sought to be obtained by on-record colloquy is the assurance that a defendant's guilty plea is tendered knowingly, voluntarily and understandingly); *Commonwealth v. Brazil*, 549 Pa. 321, 701 A.2d 216 (1997) (trial court must thoroughly conduct on-record inquiry into defendant's appreciation of right to effective assistance of counsel and to represent oneself at trial; record must show that defendant was offered counsel but intelligently and understandingly rejected the offer). However, we decline to find that such a colloquy requirement is necessary where a person consents to forfeit seized property, nor has the trial court pointed us in the direction of any pertinent authority which would mandate that such an inquiry be made under these circumstances.

■ Finally, we reach the Commonwealth's second issue, that the trial court imposed an illegal sentence by applying the gambling forfeiture assets, which were consensually agreed upon as being such, to satisfy the fine imposed and the court costs. We agree. By reason of the Liquor Code, 47 P.S. § 6–603, the legislature has clearly spoken on this issue and has provided for the use of the cash or other proceeds seized and subject to forfeiture. The money or goods are to be transferred to the Bureau of Liquor Control Enforcement of the Pennsylvania State Police, not as a source of payment of court fines.[4] This provision may also be seen as a preference for uniform treatment of such contraband throughout the Commonwealth and provides for a prescribed plan for employment of such goods or for the destruction of harmful property in order that it not find its way into the stream of commerce or other improper hands. Thus, we are constrained to also vacate as illegal that part of appellee's sentence which requires that the seized currency in dispute is to be used to satisfy court costs and the fine imposed by the trial court.

4. By way of contrast, fines and costs are collected and handled in accordance with 42 Pa.C.S.A. § 9728.

Accordingly, we reverse the order denying the Commonwealth's oral application for forfeiture.

Judgment of sentence relating to the application of the seized currency to satisfy the imposed fine and court costs is vacated. In all other respects, the judgment of sentence is affirmed.

Case remanded to proceed to proper forfeiture disposition of the seized currency consistent with this Opinion.

Jurisdiction relinquished.