**COMMONWEALTH of Pennsylvania**

**v.**

**Francisco PEREZ, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 9, 2007.

Decided Jan. 31, 2008.

---

Francisco Perez, appellant, pro se.

Alisa R. Hobart, Asst. District Attorney, Reading, for appellee.

BEFORE: McGINLEY, Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge McGINLEY.

Francisco Perez (Perez) appeals *pro se* from the May 24, 2007, order of the Court of Common Pleas of Berks County (trial court), which denied Perez's motion for the return of seized property. This Court affirms.

Philadelphia Police arrested Perez in Philadelphia on May 18, 2000, pursuant to an arrest warrant obtained by Reading Police in Berks County (Berks) based on an attempted murder that occurred in Berks. At the time of his arrest, Perez was carrying sixty four packets of heroin and $2,176.00 in cash. Perez was convicted in the Court of Common Pleas of Berks on March 15, 2001, of numerous felony criminal offenses, including attempted first-degree murder and various drug offenses related to the heroin. The drug convictions resulted in a forfeiture proceeding pursuant to the Controlled Substances Forfeiture Act, 42 Pa.C.S. §§ 6801–6802, involving the $2,176.00 cash

and a 1990 Eagle Premier sedan[1] owned by Perez. On May 21, 2001, the trial court granted the forfeiture petition. Perez did not appeal that decision.

On appeal of his criminal convictions, on June 20, 2002, the Pennsylvania Superior Court held that Perez's trial counsel was ineffective in the criminal prosecution of the drug offenses stemming from the Philadelphia arrest for failing to argue a lack of subject matter jurisdiction. Both the Commonwealth and Perez appealed to the Pennsylvania Supreme Court which denied allocatur. On February 18, 2004, the trial court granted the district attorney's motion for the entry of a *nolle prosequi* of the drug charges following the Superior Court's remand.

Three years later, on February 22, 2007, Perez, who was still incarcerated as a result of the attempted murder conviction, petitioned the trial court for the return of the $2,176.00 and the 1990 Eagle Premier sedan, arguing that the court lacked jurisdiction to grant the forfeiture petition. The trial court found Perez's present petition to be barred by the doctrine of *res judicata.* Perez appealed to this Court.

■ Perez now contends[2] that the Berks trial court lacked subject matter jurisdiction over the forfeiture proceeding pursuant to the Controlled Substances Forfeiture Act because the underlying drug convictions were extinguished by the entry of the *nolle prosequi.*

■ Civil forfeitures are the *in rem* consequence for wrongdoing prescribed by statute. *Commonwealth v. Spisak,* 69 Pa. D. & C.2d 659 (Somerset County 1974). Property is forfeited not as a result of the criminal conviction, but through a separate proceeding, civil in form but quasi-criminal in nature, in which the agency seeking the property must show, by a preponderance of the evidence, a nexus between the property sought and the possessor's illegal activity. *Commonwealth v. One Mack Dump Truck,* 743 A.2d 542 (Pa.Cmwlth. 1999); *Commonwealth v. $73,671.30 Cash, U.S. Currency and Assorted Firearms (Artelo/Smith),* 654 A.2d 93 (Pa.Cmwlth. 1995). "It is not necessary, therefore, that a forfeiture be supported by an underlying criminal conviction." *Commonwealth v. $259.00 Cash U.S. Currency,* 860 A.2d 228, 232 n. 7 (Pa.Cmwlth.2004) (citing *Commonwealth v. One 1998 Ford Coupe VIN # 1FABP41A9JF143651,* 393 Pa.Super. 320, 574 A.2d 631 (1990)).

■ The doctrine of *res judicata* applies to bar a subsequent suit on the same claim after the relevant appeal period has expired. *First Union Mortgage Corp. v. Frempong,* 744 A.2d 327 (Pa.Super.1999). For *res judicata* to apply, there must be a concurrence of four conditions, all of which are met here: (1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action; and (4) identity of the quality or the capacity of parties suing or sued. *Reber v. Tschudy,* 824 A.2d 378, 382 n. 6 (Pa.Cmwlth.2003).

---

1. It appears from the record that this is the vehicle which Perez admitted he was standing next to at the time of his arrest. However, the testimony indicated the vehicle was black, while the auction listing indicates the vehicle sold was maroon. Notes of Testimony, March 13–March 16, 2001, at 322. Exhibit C Appended to Petitioner's Brief, at 9. There is no contention, however, that this was not the same car.

2. This Court's review of a denial of a petition for return of property is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Three Hundred Ten Thousand Twenty Dollars,* 894 A.2d 154 (Pa.Cmwlth.2006).

The doctrine provides finality to the proceedings. *Clark v. Troutman,* 509 Pa. 336, 502 A.2d 137 (1985).

■ Perez is attempting to re-litigate the civil forfeiture proceeding by calling into question the basis for the Commonwealth's exercise of jurisdiction over the property forfeited. Perez does so long after the relevant appeal period for the forfeiture has run.

■ The civil forfeiture proceeding, though implicating issues and facts involved in the dismissed criminal prosecution, became final when the petition for forfeiture was granted and no appeal was taken within the statutorily allotted time.[3]

At no point during the intervening years did Perez attempt to attack the forfeiture judgment, even though timely appeal of the May 25, 2001, order granting the forfeiture would have allowed Perez to argue the jurisdictional issue. He declined to do so, despite raising a related argument in his criminal case appeal to the Superior Court. Finding that he could do so now would re-open the door and renew civil litigation six years after judgment was entered, and absent any appeal.

■ To dispose of the controversy before this Court, it is necessary to clarify the distinction between subject matter jurisdiction and jurisdiction over the property, or res, of the *in rem* civil proceeding. Subject matter jurisdiction is jurisdiction over the nature of the cause of action and relief sought that allows a court to exercise its power. *Mid–City Bank & Trust Co. v. Myers,* 343 Pa. 465, 23 A.2d 420 (1942). The *in rem* jurisdiction of the property is determined by whether the defendant property had sufficient contacts with the forum that the court's exercise of power constituted fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The matter of jurisdiction over the property is a question of personal jurisdiction. *Sperry & Hutchinson Co. v. O'Connor,* 488 Pa. 340, 412 A.2d 539 (1980) (citing *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)).

Perez notes that the Controlled Substances Forfeiture Act, specifically 42 Pa. C.S. § 6802, provides that a petition for forfeiture "shall be filed in the court of common pleas of the judicial district where the property is located." Perez contends that:

> [t]he property was seized in Philadelphia County, not Berks County, so, under the Controlled Substances Forfeiture Act the Berks County Court of Common Pleas, as a matter of subject matter jurisdiction, had no jurisdiction under said Act to facilitate forfeiture, especially, seeing that no charges were in existence, due to the retroactive effect of the dismissal of the causal Drug Charges.

Petitioner's Brief at 15. It is clear that Perez confuses subject matter jurisdiction and jurisdiction over the *subject property.* The challenge to the personal jurisdiction over the res is an attempt by Perez to obtain a second bite and have this Court now determine where the property was located at the time the forfeiture proceeding was instituted, when he could and should have done so years ago in that proceeding.

On this basis, this Court must affirm the trial court. Perez never argued that the

---

**3.** The criminal proceedings had progressed through appeal to the Superior Court, appeal to the Supreme Court of Pennsylvania, which denied allocatur, remand to the trial court, Post–Conviction Relief Act petitions, which were denied at the Superior Court and Supreme Court, and finally federal habeas corpus, which was pending at the time briefs were submitted, six years after the forfeiture proceeding concluded.

property was *not located* in the judicial district in which the proceeding was initiated. Instead, Perez argued that the property was *seized* in a different county than that in which the forfeiture proceeding was filed-his argument rests on the assumption that because the underlying criminal conviction was dismissed, jurisdiction over the separate forfeiture proceeding did not exist. This argument fails: "[p]roperty subject to forfeiture under this chapter may be seized by the law enforcement authority upon process issued by any court of common pleas having jurisdiction over the property." 42 Pa.C.S. § 6801(b). This Court does not accept that 42 Pa.C.S. § 6802 may retroactively divest the trial court of subject matter jurisdiction under these circumstances.

■ Assuming *arguendo* that Perez's objection to subject matter jurisdiction demands a holding that the long ago forfeiture had been barred, "[a]ll Pennsylvania courts of common pleas have statewide subject matter jurisdiction in cases arising under the Pennsylvania Crimes Code." *Commonwealth v. Bethea*, 574 Pa. 100, 113, 828 A.2d 1066, 1074 (2003). Because of the quasi-criminal nature of the forfeiture proceeding, and the nexus with underlying criminal acts, 42 Pa.C.S. § 6802 must be read, in the context of *Bethea*, to address venue, rather than subject matter jurisdiction.[4]

In summary, because Perez did not raise the question of jurisdiction during the initial forfeiture proceeding, he lost the ability to do so under Pa.R.C.P No. 1032, relating to waiver of defenses. The order became final when he failed to timely appeal. The record was closed more than six years ago, and an evidentiary inquiry into

---

**4.** The sole case that the Superior Court relied upon in concluding Perez's counsel was ineffective for failure to challenge subject matter jurisdiction has been overturned. *Commonwealth v. Bethea*, 761 A.2d 1181 (Pa.Super.2000), rev'd 574 Pa. 100, 828 A.2d 1066 (2003). The analysis is one of venue and convenience, not jurisdiction. Venue is an entirely different issue, and does not implicate incompetency of the trial court.

"By constitution and by statute, the court of common pleas has unlimited original jurisdiction in all cases, actions, and proceedings, and is thus empowered, subject to a few statutory exceptions, to decide any matter arising under the laws of this commonwealth." *Commonwealth v. McPhail*, 547 Pa. 519, 524, 692 A.2d 139, 141 (1997) (footnote omitted). Further:

[t]he two counties are not separate sovereigns and do not derive their power to try felony drug cases from independent sources of power. Their subject matter jurisdiction flows from the sovereign Commonwealth of Pennsylvania and is not circumscribed by county territorial limits. Territorial applicability of the crimes code refers strictly to conduct occurring inside or outside Pennsylvania, not to the county in which conduct occurred. (emphasis added).

*Id.* at 525–26, 692 A.2d at 142.

Second, the place of trial, whether within or without the county where the alleged crime occurred, is a matter of venue, not jurisdiction, notwithstanding the imprecise and confusing terminology.... Third, trial in a county other than the one where the offense occurred is not constitutionally prohibited. Fourth, trial outside the county is a mechanism which must be used sparingly, to prohibit dragging the accused all over the commonwealth and burdening him with an expensive trial at the whim of the prosecution. (footnote omitted).

*Id.* at 529, 692 A.2d at 144.

Justice Cappy, then soon to be Chief Justice, concurred, and stated even more strongly:

at common law, the subject matter jurisdiction of the trial courts was not limited to crimes which occurred in the county in which the court sat and 2) even if there were such a common law rule, it was abrogated by the enactment of Article V, Section 5 of the Constitution of 1968 and 42 Pa. C.S.A. § 931.

*Id.* at 531, 692 A.2d at 145.

Clearly, all of Perez's claims fail.

the location of the property subject to forfeiture is barred by *res judicata*.

Accordingly, the order of the trial court is affirmed.

### *ORDER*

AND NOW, this 31st day of January, 2008, the order of the Court of Common Pleas of Berks County in the above-captioned matter is affirmed.

DISSENTING OPINION BY Judge FRIEDMAN.

I respectfully dissent. The majority holds that the Court of Common Pleas of Berks County (trial court) properly denied the motion for the return of property filed by Francisco Perez (Perez) without holding a hearing to determine whether the trial court lacked jurisdiction to grant the forfeiture of property seized in Philadelphia. For the following reasons, I cannot agree.

Police in the city of Reading, Berks County, obtained a warrant for the arrest of Perez in connection with a shooting. The police learned that Perez would be at a location in Philadelphia on May 18, 2000, and faxed a copy of the warrant to Philadelphia authorities. At the time of Perez's arrest in Philadelphia, police seized sixty-four packets of heroin, $2,176.00 in cash and a 1990 Eagle Premier Sedan.

Perez was convicted in Berks County of drug offenses related to the heroin seized in Philadelphia. Perez filed an appeal, arguing that his counsel was ineffective for failing to object to the trial court's subject matter jurisdiction over the charges stemming from his drug activity in Philadelphia.

Following Perez's conviction, the Commonwealth filed with the trial court a petition for forfeiture of the $2,176.00 and the 1990 Eagle Premier Sedan. On May 25, 2001, the trial court granted the petition, and Perez did not file an appeal. On June 8, 2002, the Berks County District Attorney's Office sold the 1990 Eagle Premier Sedan at public auction for $675.00.

Subsequently, in *Commonwealth v. Perez*, (Pa.Super., Nos. 634 & 636 MDA 2001, filed June 20, 2002), our superior court vacated Perez's drug convictions and remanded for a new trial. Our superior court agreed with Perez that his counsel was ineffective for failing to argue that the trial court lacked jurisdiction over the drug offenses that occurred in Philadelphia. On February 12, 2004, the Berks County District Attorney moved for entry of a *nolle prosequi* with respect to those drug charges, and, on February 18, 2004, the trial court granted the motion.

On February 22, 2007, Perez filed a motion with the trial court for the return of the cash and automobile. At the hearing on the motion, Perez argued that the trial court lacked jurisdiction in 2001 to grant the Commonwealth's petition for forfeiture of the property seized in Philadelphia. The Commonwealth moved to dismiss Perez's motion, arguing that Perez failed to appeal the 2001 order, and, thus, his motion was barred by the doctrine of *res judicata*. When Perez admitted his failure to appeal the order, the trial court denied Perez's motion, concluding that the matter was *res judicata*. On appeal, Perez seeks a remand for a hearing on the question of jurisdiction.

### I. Failure to Address Issue

Subject matter jurisdiction relates to the right to prosecute a particular suit and to obtain the relief demanded. *Mid–City Bank and Trust Company v. Myers*, 343 Pa. 465, 23 A.2d 420 (1942). A judgment rendered by a court that lacks subject matter jurisdiction is null and void and may be collaterally attacked at any time.

*Commonwealth ex rel. Howard v. Howard,* 138 Pa.Super. 505, 10 A.2d 779 (1940). Whenever a court's attention is called to a judgment that is null and void for lack of subject matter jurisdiction, it is the duty of the court to strike the judgment. *M & P Management, L.P. v. Williams,* — Pa. ——, 937 A.2d 398 (2007). A judgment that is null and void for lack of subject matter jurisdiction cannot serve as a basis for *res judicata. Barnes v. McKellar,* 434 Pa.Super. 597, 644 A.2d 770, *appeal denied,* 539 Pa. 663, 652 A.2d 834 (1994).

Here, the trial court failed to address Perez's argument that, on May 25, 2001, the trial court lacked jurisdiction over the forfeiture action against the property seized in Philadelphia. If the trial court lacked subject matter jurisdiction, then its order granting forfeiture was null and void and could **not** serve as a basis for *res judicata.* The fact that Perez failed to appeal the May 25, 2001, order and did not file his motion for return of property until 2007 is irrelevant because a void judgment cannot become valid through the lapse of time. *M & P Management; see Flynn v. Casa Di Bertacchi Corporation,* 449 Pa.Super. 606, 674 A.2d 1099 (1996) (stating that it is never too late to attack a judgment for want of jurisdiction). Thus, Perez deserved a ruling from the trial court on the question he posed.

By prematurely deciding that the trial court had subject matter jurisdiction in this case, the majority has usurped the function of the trial court. Before this court can exercise its appellate jurisdiction, the trial court needs to hold a hearing to determine the facts necessary to decide whether it had subject matter jurisdiction.

## II. Statutory Provisions

The courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, **except** where exclusive original jurisdiction is otherwise **vested by statute.** Section 931(a) of the Judicial Code, 42 Pa.C.S. § 931. Thus, the question of subject matter jurisdiction is a matter of statutory construction. *In re: Administrative Order No. 1–MD–2003,* — Pa. ——, 936 A.2d 1 (2007). In this regard, I note that forfeitures are not favored in the law; thus, statutes allowing the forfeiture of property are to be strictly construed. *In re Estate of Kostick,* 514 Pa. 591, 526 A.2d 746 (1987).

### A. Section 6802(a)

A petition for forfeiture **"shall be filed in the court of common pleas of the judicial district where the property is located...."** Section 6802(a) of the Judicial Code, a provision of the act commonly known as the Controlled Substances Forfeiture Act (Forfeiture Act), 42 Pa.C.S. § 6802(a) (emphasis added).

Strictly construing section 6802(a) against the Commonwealth, the provision does **not** give the Commonwealth discretion and does **not** forgive filing errors. It is the law, enacted by the General Assembly. Its wording is clear and unambiguous; the word "shall" does **not** mean "should." It is a requirement, not a suggestion. It is mandatory and exclusive. Thus, if the Commonwealth were to file a forfeiture petition in any judicial district other than where the property is located, the court would be unable to proceed because it would have no jurisdiction over the action.

Nevertheless, the majority holds that every court of common pleas in Pennsylvania had subject matter jurisdiction over this forfeiture action in 2001, so that the Commonwealth could have filed its petition in any court of common pleas.[1] However,

---

1. The majority points out that, in *Commonwealth v. Bethea,* 574 Pa. 100, 828 A.2d 1066

such a holding ignores the express language of section 6802(a), which does **not** give the Commonwealth the **right** to prosecute a forfeiture action in any court of common pleas in the state but, rather, gives the Commonwealth the right to prosecute a forfeiture action **only** in the court of common pleas where the property is located. Moreover, subject matter jurisdiction relates to the right to obtain the relief demanded, *Mid–City Bank,* and the Commonwealth has **no right** to the relief demanded in a forfeiture action, i.e., the forfeiture of property, **unless** the property is located in the jurisdiction of the court. 42 Pa.C.S. § 6802(a).

### B. Sections 6802(f)(2)(i) and 6801(d)

The same principle is expressed elsewhere in the Forfeiture Act. Section 6802(f)(2)(i) of the Forfeiture Act states that, once a petition is filed, a court may take any action to preserve property if the failure to act will result in the property being "**removed from the jurisdiction** of the court or otherwise made **unavailable for forfeiture**." 42 Pa.C.S. § 6802(f)(2)(i) (emphasis added). Section 6802(f)(2)(i) makes clear that, if property is removed from the jurisdiction of a particular court of common pleas, the property is unavailable for forfeiture.

Section 6801(d) of the Forfeiture Act states that seized property is subject to the orders of "**the** court of common pleas having **jurisdiction over the forfeiture proceedings...**." 42 Pa.C.S. § 6801(d). Contrary to the majority's conclusion that every court of common pleas in Pennsylvania had subject matter jurisdiction over this forfeiture proceeding, the definite article "the" in section 6801(d) indicates that there was only one court of common pleas with such subject matter jurisdiction.[2] Indeed, for this provision to make any sense, there must be some courts of common pleas without subject matter jurisdiction over the forfeiture proceeding.

### III. Criminal Forfeitures

Although forfeiture actions are civil *in rem* proceedings, and quasi criminal in nature, our superior court has held that forfeiture actions are criminal in nature when the Commonwealth seeks forfeiture of property as part of a criminal proceeding. *Commonwealth v. Smith,* 722 A.2d 167 (Pa.Super.1998). In such cases, our superior court has jurisdiction over appeals relating to the forfeiture order. *Id.*

Here, if the Commonwealth had filed its forfeiture petition as part of the criminal proceeding against Perez, our superior court's holding that the trial court lacked subject matter jurisdiction over the Philadelphia drug offenses would have applied equally to the forfeiture of the property seized in Philadelphia. To me, there is no reason why the result should be different just because the petition of the Commonwealth was filed as a civil *in rem* action.

Accordingly, I would vacate and remand.

---

(2003), our supreme court held that all courts of common pleas have statewide subject matter jurisdiction over cases arising under the Pennsylvania Crimes Code. (Majority op. at ——.) Here, however, the case arose under the Forfeiture Act, not the Crimes Code.

**2.** Subject matter jurisdiction signifies the nature of the cause of action, *Mid–City Bank,* and the nature of the cause of action in this case is a forfeiture proceeding. Thus, section 6801(d) speaks to the subject matter jurisdiction of a particular court of common pleas, clearly implying that seized property is **not** subject to orders of the courts of common pleas that lack jurisdiction over the forfeiture proceedings, i.e., that lack subject matter jurisdiction.