J-S44038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY LEON LATIMER :
:
Appellant : No. 603 MDA 2020

Appeal from the Order Entered March 5, 2020
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0001844-2015

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED NOVEMBER 18, 2020**

Anthony Leon Latimer (Appellant) appeals *pro se* from the order entered

in the Cumberland County Court of Common Pleas, at criminal case CP-21-

CR-0001844-2015 (Criminal Docket 1844), denying his petition for return of

civil forfeiture property.[1]  The relevant order granting civil forfeiture was

_____

[1] **See** 42 Pa.C.S. §§ 5801-5808 (Forfeiture of Assets Act).  "The
Commonwealth Court normally has jurisdiction over appeals from forfeiture
orders, [and] we have the discretion to transfer the appeal to the
Commonwealth Court under Pa.R.A.P. 741(a).  But when neither party
objects, we can elect to exercise jurisdiction over a forfeiture appeal."
**Commonwealth v. Bowers**, 185 A.3d 358, 362 (Pa. Super. 2018).  **See also**
**Commonwealth v. Irland**, 193 A.3d 370, 394 (Pa. 2018) ("Civil forfeiture,
although conceptually related to criminal forfeiture, is a distinct *in rem*
proceeding against property that may occur in the absence of any criminal
charges or convictions.").

entered in another matter, ***In re: Commonwealth of Pennsylvania v. $8,847.15 U.S. Currency***, No. CP-21-MD-0000676-2016 (Cumberland Co. CCP) (Civil Forfeiture Docket 676).  We affirm the order on grounds not raised by either the trial court or the parties[2] — that the court in this criminal case was precluded from disturbing an order entered in the civil forfeiture matter.

Preliminarily, we note the brevity of the instant criminal record, and emphasize the record for Civil Forfeiture Docket 676 is not before us. Appellant has, however, attached a copy of the docket for Civil Forfeiture Docket 676 to his appellate brief, and the Commonwealth provided a copy of the civil forfeiture order as an exhibit below.  We glean the following factual summary and procedural history from these and additional filings, as well as the trial court's opinion.

On June 25, 2015, Appellant was a rear seat passenger in a car stopped by the Pennsylvania State Police for speeding on Interstate Route 81 in Cumberland County.  Commonwealth's *Nolle Pros*, 11/21/19, at 1.  A search of the vehicle produced quantities of synthetic marijuana and cocaine.  ***Id.*** Additionally, police seized $4,887.15 cash from Appellant's person, $3,960 cash from a pair of jeans in the vehicle's trunk, three cell phones, and other items.  Commonwealth's Answer to Petition for Return of Seized Property & New Matter (Commonwealth's Answer), 2/21/20, at 1 (unpaginated).

_____

[2] The Commonwealth is represented by the Attorney General's office.

All three occupants of the vehicle, including Appellant, were charged with drug offenses. On September 18, 2015, an information was filed in the instant matter, charging Appellant with two counts of conspiracy to commit possession with intent to deliver controlled substances.[3] Appellant was represented by private counsel.

During the pendency of this case, Appellant also received, and was convicted of, multiple felony drug charges in Maryland. Commonwealth's *Nolle Pros* at 1. As a result, he is serving a sentence in Maryland and will be eligible for parole in 2024; his maximum sentence will conclude in 2027. ***Id.***

On July 18, 2016, the Commonwealth filed a petition at Civil Forfeiture Docket 676 against Appellant, for civil forfeiture of the $8,847.15 total cash and items seized from the vehicle,[4] as well as the vehicle itself. Approximately a year and half later, on January 11, 2018, the Honorable Wesley Oler granted the civil forfeiture petition. Order, Civil Forfeiture Docket 676, 1/11/18, at 1-2, Exh. to Commonwealth's Answer. The docket in that matter indicates

---

[3] 18 Pa.C.S. § 903(a); 35 P.S. § 780-113(a)(30).

[4] The Commonwealth also sought civil forfeiture of two $30 gift cards, three cell phones, an Amazon Kindle, and a Nextbook tablet. Commonwealth's Answer at 1. Appellant claims he is entitled to the cash, but denies ownership of the vehicle and other items. Appellant's Brief at 3.

Appellant did not file any petition for reconsideration or return of property, nor any notice of appeal.[5] *See* Docket, Civil Forfeiture Docket 676, at 3.

On April 18, 2019, at Criminal Docket 1844, the court clerk received a *pro se* "Petition for Return of Seized Property" and forwarded it to Appellant's counsel pursuant to Pa.R.Crim.P. 576(A)(4) (when a represented defendant submits *pro se* filing, clerk of courts shall make a docket entry reflecting date of receipt and forward filing to defendant's attorney and the Commonwealth). However, no counseled petition for the return of property was filed.

On September 13, 2019 (more than four years after the filing of the information), Appellant filed a counseled motion in the criminal matter to dismiss the charges under Pa.R.Crim.P. 600.[6] The trial court directed the Commonwealth to file a response, but on November 21, 2019, the Commonwealth issued notice of intent to *nolle pros* the two conspiracy charges against Appellant. The Commonwealth averred Maryland authorities have "continually stated that [Appellant] is unavailable for transport" to Cumberland County and thus "this case has languished . . . the last several

_____

[5] In the proceedings below, the Commonwealth averred Appellant "was previously ordered to respond to the Commonwealth's Petition for Forfeiture and Condemnation within [30] days after his criminal case [sic] was closed." Commonwealth's Answer at 6. However, the civil forfeiture docket does not include an entry for any such order.

[6] *See* Pa.R.Crim.P. 600(A)(2)(a) ("Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.").

years." Commonwealth's *Nolle Pros* at 1. The Commonwealth concluded that although it "is confident that [Appellant] committed the offenses[,] after careful evaluation of the facts and circumstances . . . and [Appellant's] lengthy Maryland sentence, [the Commonwealth] believes that the interests of justice have already been served." ***Id.***

Two and half months later, on February 6, 2020 — and more than two years after the civil forfeiture order was issued — Appellant filed the underlying *pro se* petition, at Criminal Docket 1844, for return of the seized cash. Appellant averred he learned his criminal case was dismissed on December 5, 2019, but presented no argument for the return of property and merely demanded a cashier's check for $8,610. The Commonwealth responded : (1) Appellant's petition was untimely under Pa.R.Crim.P. 588;[7] (2) the petition failed to allege any right in the property, in contravention of Section 5806(b)(2)[8] of the Forfeiture of Assets Act,; (3) if Appellant's petition

---

[7] ***See*** Pa.R.Crim.P. 588(a) ("A person aggrieved by a search and seizure . . . may move for the return of the property on the ground that he or she is entitled to lawful possession thereof."); ***Commonwealth v. Allen***, 107 A.3d 709, 717 (Pa. 2014) ("Pursuant to Rule 588, . . . a return motion is timely when it is filed . . . while [the] court retains jurisdiction, which is up to thirty days after disposition."). ***See also Irland***, 193 A.3d at 395 ("[A] forfeiture pursuant to Rule 588 may occur prior to conviction and in the absence of a criminal conviction. Accordingly, such forfeitures, although founded in a rule of criminal procedure, must be denominated civil in nature . . . .").

[8] ***See*** 42 Pa.C.S. § 5806(b)(2) (motion for return of property shall describe the nature and extent of petitioner's right, title or interest in the property).

were construed to be a petition to open default judgment, no relief would be due because the petition was untimely and presented no meritorious defense; and (4) in any event, the $8,847.15 cash was properly forfeited because it was found in close proximity to controlled substances and was thus presumed to be proceeds from selling controlled substances.[9]  Commonwealth's Answer at 3-4, 6-8.

On March 5, 2020, the Honorable Albert Masland denied Appellant's petition for return of seized property, citing three of the above reasons set forth in the Commonwealth's answer.[10]  Order, 3/5/20, at 1-2.  Appellant filed a timely notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement.[11]

---

[9] **See** 42 Pa.C.S. § 5802(6)(ii) ("The money . . . found in close proximity to controlled substances possessed in violation of The Controlled Substance . . . Act shall be rebuttably presumed to be proceeds derived from the selling of a controlled substance in violation of The Controlled Substance . . . Act.").

[10] The trial court did not address the Commonwealth's claim that the cash was properly forfeited as "proceeds of [Appellant's] drug trafficking."  **See** Trial Ct. Op. at 1-2; Commonwealth's Answer at 7-8.

[11] The thirtieth day following the trial court's March 5, 2020, order was Saturday, April 4th.  **See** Pa.R.A.P. 903(a) (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken").  Appellant's notice of appeal was filed on Monday, April 6th, and was timely.  **See** 1 Pa.C.S. § 1908 (when last day of any statutory period of time falls on Saturday, such day shall be omitted from computation).  Finally, for ease of review, we note Appellant's Rule 1925(b) statement is inaccurately entitled "Opinion and Support of Order."

On appeal, Appellant presents several arguments in support of reversal of the trial court's order.[12] He contends that whereas the Commonwealth relied on criminal case authority involving "investigative drug dealing," here, the seizure of the $8,847.15 cash did not arise "from any ongoing investigation," but instead "[t]his incident was a spontan[e]ous traffic stop, [another] occupant of the vehicle . . . took ownership" of the narcotics, and the Commonwealth cannot "prove that [Appellant's] property was related to those narcotics." Appellant's Brief at 2. Next, Appellant avers he requested his attorney, by letter on December 10, 2019, to seek return of the property, but counsel advised him there was no forfeiture case and instead, Appellant would have to request return of property from the Sheriff's Department. *Id.* at 3. Appellant further claims counsel did not inform him he had 30 days to request a return of property, and that Appellant is incarcerated in Maryland "with very lack [sic] of access to the library[ ] and [Pennsylvania] law books on . . . rules an[d] procedures." *Id.* at 4-5. Appellant alleges "good cause" for the delay in filing a petition for return of property: "[o]n or around . . . 1/13/20 after the holiday[s,] Appellant called and left a message about . . . a return of property from . . . the traffic stop officer," but a sheriff later advised Appellant to contact the Commonwealth, which had the property. *Id.* at 5.

_____

[12] Appellant's *pro se* brief does not include any statement of questions involved, nor any citation to or discussion of relevant authority. *See* Pa.R.A.P. 2116(a), 2119(a).

Before examining the merits of Appellant's claims, we consider whether the trial court in the case *sub judice*, Criminal Docket 1844, had authority to disturb an order entered in another matter, Civil Forfeiture Docket 676. Neither the trial court nor the Commonwealth discussed this issue.[13] Indeed, the trial court stated: "**[T]his court** entered an order of forfeiture, as a default judgment[.]" Trial Ct. Op. at 1 (emphasis added).

While we have not discovered any authority specifically addressing the circumstances presented here,[14] we find guidance in the Commonwealth Court's decision in **Commonwealth v. Perez**, 941 A.2d 778 (Pa. Cmwlth. 2008).[15] In that case, police arrested the defendant in Philadelphia pursuant to a Berks County arrest warrant "based on an attempted murder." **Id.** at 779. At the time of the arrest, the defendant was carrying 64 packets of

---

[13] **But see** Commonwealth's Brief at 2 (acknowledging that civil forfeiture order was granted at Civil Forfeiture Docket 676).

[14] We acknowledge that in **Bowers**, the defendant took an appeal in his criminal case, from an order, which denied his motion for return of property and granted the Commonwealth's forfeiture petition. **Bowers**, 185 A.3d at 360. However, in that case, the defendant had filed, **in the same criminal docket**, a pretrial motion for return of property seized, and in response, "the Commonwealth filed an answer to [the] motion . . . and a counterclaim in the nature of a petition for civil forfeiture." **Id.** at 361. In contrast, here, the Commonwealth filed a forfeiture petition — and forfeiture was granted — in a separate civil forfeiture docket.

[15] **See Bowers**, 185 A.3d at 362 n.4 ("Although the decisions of the Commonwealth Court are not binding upon this Court, they may serve as persuasive authority.") (citation omitted).

heroin and $2,176 cash. *Id.* In March of 2001, the defendant was convicted, in Berks County, of attempted murder and drug offenses, the latter of which "resulted in a forfeiture proceeding . . . involving the . . . cash and" a vehicle. *Id.* at 779-80. The trial court granted the forfeiture petition in May of 2001, and the defendant "did not appeal that decision." *Id.* at 780. The defendant appealed his criminal convictions, however, and the Pennsylvania Superior Court held trial counsel was ineffective for failing to object to the Berks County court's lack of subject matter jurisdiction over the drug offenses. *Id.* Following remand, the drug charges were *nolle prossed*. *Id.*

The Commonwealth Court summarized:

Three years later, [the defendant,] who was still incarcerated as a result of the attempted murder conviction, petitioned the trial court for the return of the [cash and vehicle], arguing that the court lacked jurisdiction to grant the forfeiture petition. The trial court found [the] petition to be barred by the doctrine of *res judicata*.

*Perez*, 941 A.2d at 780. On appeal, the Court agreed, first noting:

The doctrine of *res judicata* applies to bar a subsequent suit on the same claim after the relevant appeal period has expired. For *res judicata* to apply, there must be a concurrence of four conditions, all of which are met here: (1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action; and (4) identity of the quality or the capacity of parties suing or sued. The doctrine provides finality to the proceedings.

[The defendant] is attempting to re-litigate the civil forfeiture proceeding by calling into question the basis for the Commonwealth's exercise of jurisdiction over the property forfeited. [The defendant] does so long after the relevant appeal period for the forfeiture has run.

The civil forfeiture proceeding, though implicating issues and facts involved in the dismissed criminal prosecution, became final when the petition for forfeiture was granted and no appeal was taken within the statutorily allotted time.

At no point during the intervening years did [the defendant] attempt to attack the forfeiture judgment, even though [a] timely appeal . . . would have allowed [him] to argue the jurisdictional issue. He declined to do so, despite raising a related argument in his criminal case appeal to the Superior Court. Finding that he could do so now would re-open the door and renew civil litigation six years after judgment was entered, and absent any appeal.

*Id.* at 780-81 (citations and footnote omitted). The Commonwealth Court thus affirmed the forfeiture order. *Id.* at 782-83.

Although Appellant presents different arguments, from those in *Perez*, for challenging the civil forfeiture decision, we apply *Perez*'s reasoning to conclude the trial court properly denied relief. *See Perez*, 941 A.2d at 780-81. While we appreciate Appellant's argument, that as a *pro se* inmate in another state he has limited access to Pennsylvania law books,[16] we hold the trial court was barred by *res judicata* from disturbing an order entered in the separate civil forfeiture docket.[17] *See id.* Accordingly, we affirm the order denying Appellant's petition to return seized property.

Order affirmed.

---

[16] "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005).

[17] "It is well-settled that this Court may affirm on any basis." *Commonwealth v. Clouser*, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).

Judge Nichols joins this Memorandum.

President Judge Emeritus Bender concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/18/2020</u>