J-S81024-17

2018 PA Super 88

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CURTIS WILLIAM BOWERS | |
| Appellant | No. 1188 MDA 2017 |

Appeal from the Order Entered July 11, 2017
In the Court of Common Pleas of 39th District
Franklin County Branch
Criminal Division at No: CP-28-CR-0000467-2017
CP-28-CR-0002186-2016

BEFORE: PANELLA, STABILE, and PLATT,* JJ.

OPINION BY STABILE, J.: **FILED APRIL 16, 2018**

Appellant, Curtis William Bowers, appeals from a pretrial order entered July 11, 2017 in the Court of Common Pleas of the 39th Judicial District, Franklin County Branch, which, *inter alia*, denied his motion for return of property and granted the Commonwealth's forfeiture petition. We quash this appeal as interlocutory due to the lack of a final order in Appellant's criminal case.

On September 7, 2016, Franklin County detectives executed search warrants at Appellant's residence and his place of business, Local Exposure,

_____

* Retired Senior Judge assigned to the Superior Court.

LLC. The detectives discovered marijuana, packaging materials and drug paraphernalia at his residence and $21,150.00 in cash in a safe at Local Exposure. After receiving **Miranda**[1] warnings, Appellant informed detectives that the money in the safe "was there for the next purchase of marijuana. He explained he got at times between 4 to 8 pounds [and] would take an average of $18,000.00 along to a source in Baltimore . . . [H]e would drive various vehicles that he had depending [on] what he felt like driving that day." N.T., 4/28/17, at 42 (suppression hearing). Appellant also admitted to the detectives that his only source of income was from drug trafficking. **Id.** at 45.

Appellant was charged with possession with intent to deliver a controlled substance[2] and other drug-related offenses. On November 15, 2016, Appellant filed a motion for return of property under Pa.R.Cr.P. 588, seeking return of the $21,250.00 in cash and two vehicles, a 2005 Mini Cooper and a 2014 Ford Mustang, that he drove to pick up his marijuana purchases. On December 21, 2016, the Commonwealth filed an answer to Appellant's motion for return of property and a counterclaim in the nature of a petition for civil forfeiture of the cash and vehicles under the Forfeiture Act, 42 Pa.C.S.A. §§ 6801-6802.[3] Appellant then filed (1) a motion to suppress evidence seized

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[2] 35 P.S. § 780-113(a)(30).

[3] Effective July 1, 2017, the Forfeiture Act was recodified at 42 Pa.C.S.A. §§ 5801-5808.

at his residence and Local Exposure and his **Mirandized** statement to the detectives, and (2) a motion for writ of *habeas corpus*.

On April 28, 2017, the trial court held a hearing on all of these motions. In a thorough opinion and order entered on July 11, 2017, the trial court (1) denied Appellant's motion to suppress and motion for writ of *habeas corpus*, (2) granted the Commonwealth's counterclaim for forfeiture of the cash and vehicles; and (3) dismissed Appellant's petition for return of property as moot. On July 25, 2017, Appellant filed a notice of appeal to this Court from the portion of the order granting the Commonwealth's counterclaim for forfeiture. Following this appeal, there have been no further proceedings in the trial court; specifically, Appellant has not pleaded guilty or gone to trial, and the Commonwealth has not dismissed the charges.

Appellant argues in this appeal that the trial court abused its discretion in granting the Commonwealth's counterclaim for forfeiture. At the outset, we summarize several important forfeiture principles. "The goal of the Forfeiture Act is to eliminate economic incentives of drug-related activity and thereby deter such activity." **Commonwealth v. Heater**, 899 A.2d 1126, 1132 (Pa. Super. 2006). Civil forfeitures

> are the *in rem* consequence for wrongdoing prescribed by statute. Property is forfeited not as a result of [a] criminal conviction, but through a separate proceeding, civil in form but quasi-criminal in nature, in which the agency seeking the property must show, by a preponderance of the evidence, a nexus between the property sought and the possessor's illegal activity . . . Regardless of whether a conviction can be gained from the evidence, the

- 3 -

>     Commonwealth may seek to forfeit property as long as it establishes that the property constitutes contraband.

*Commonwealth v. Jackson*, 53 A.3d 952, 956 (Pa. Cmwlth. 2012) (citations omitted).[4]   The Act provides that multiple items are subject to forfeiture, including controlled substances, vehicles used to transport controlled substances, and "money . . . furnished or intended to be furnished by any person in exchange for a controlled substance in violation of The Controlled Substance, Drug, Device and Cosmetic Act, and all proceeds traceable to such an exchange."  42 Pa.C.S.A. § 5802(a)(4), (a)((6)(i)(A).

Notably, while forfeiture proceedings are separate from criminal proceedings, the course of criminal proceedings may have significant impact on forfeiture proceedings.   For example, the Commonwealth cannot use evidence in forfeiture proceedings that has been suppressed in criminal proceedings.   *Commonwealth v. Jackson*, 53 A.3d 952, 958 (Pa. Cmwlth. 2012) ("only where the government has independent, unsuppressed evidence that the *res* is contraband is it entitled to proceed to the merits in a forfeiture case").  In addition, as discussed below, the absence of a final order in the defendant's criminal case might preclude him from taking an immediate appeal from a forfeiture order.

---

[4] "Although the decisions of the Commonwealth Court are not binding upon this Court, they may serve as persuasive authority."  *Commonwealth v. Rodriguez*, 81 A.3d 103, 107 n.7 (Pa. Super. 2013).

With these principles as backdrop, we address whether we have jurisdiction to decide this appeal. *B.L. v. T.B.*, 152 A.3d 1014, 1016 (Pa. Super. 2016) (court may raise question of subject matter jurisdiction *sua sponte*). The Commonwealth Court normally has jurisdiction over appeals from forfeiture orders, so when, as here, a party appeals a forfeiture order to this Court, we have the discretion to transfer the appeal to the Commonwealth Court under Pa.R.A.P. 741(a). But when neither party objects, we can elect to exercise jurisdiction over a forfeiture appeal. *Commonwealth v. Smith*, 722 A.2d 167, 169 (Pa. Super. 1998). In this instance, Appellant has appealed the forfeiture components of the July 11, 2017 order to this Court, and the Commonwealth has not objected to our jurisdiction. Therefore, we decline to transfer this appeal to the Commonwealth Court.

There is, however, another jurisdictional issue: whether Appellant can appeal the forfeiture order despite the absence of a judgment of sentence or other final order in his criminal case. We have held that while a criminal action remains pending, an appeal from an order denying the defendant's motion to return property is interlocutory and unappealable if the defendant's motion relates in any way to the criminal prosecution. *Commonwealth v. Lewis*, 431 A.2d 357, 360 (Pa. Super. 1981). This rule reflects our preference for appeals from final orders, and not only prevents piecemeal appeals and protracted litigation but also promotes judicial accuracy. "[A]s a general rule, an appellate court is more likely to decide a question correctly after judgment,

where it may consider the claim in the context of a complete adjudication and a fully developed record." **Rae v. Pennsylvania Funeral Directors Ass'n**, 977 A.2d 1121, 1130 (Pa. 2009).

We have not found any decisions addressing whether an interlocutory appeal is permissible from an order granting the Commonwealth's forfeiture petition. Nevertheless, we think that the rule in **Lewis** relating to interlocutory appeals from an order denying the defendant's motion for return of property should also apply to appeals from orders granting forfeiture petitions. Petitions for return of property and petitions for forfeiture concern the same substantive issue. *i.e.*, who is entitled to possession of property seized by law enforcement officials. The only difference is one of form; the Commonwealth is the moving party in a petition for forfeiture of property, while the defendant is the moving party in a petition for return of property. Thus, "[i]n actual practice[,] the standards in actions for the return of property or for the forfeiture of property are indistinguishable." **Commonwealth v. Perin**, 722 A.2d 227, 231 (Pa. Cmwlth. 1998), *reversed on different grounds*, 731 A.2d 1275 (Pa. 1999); *see also Commonwealth v. Marshall*, 698 A.2d 576, 578-79 (Pa. 1997) (analyzing whether there was sufficient evidence to meet Commonwealth's burden under Forfeiture Act in appeal from denial of motion for return of forfeited property); **In re One 1988 Toyota Corolla**, 675 A.2d 1290, 1295 (Pa. Cmwlth. 1996) (in practice, claimant's motion for return of property is simply "mirror image" of forfeiture action under Forfeiture

Act). Therefore, we hold that while an underlying criminal action remains pending, an appeal from an order deciding the Commonwealth's forfeiture petition is interlocutory and unappealable if the forfeiture petition relates in any way to the criminal prosecution.

The suppression and forfeiture motions in this case are intertwined. Appellant moved to suppress his statements to the detectives that he used the cash in his safe to purchase marijuana and used both cars for his trips to Baltimore to purchase marijuana. Opinion, 7/11/17, at 12-15. Had the trial court suppressed these statements, the Commonwealth would not have been able to use them as evidence in the forfeiture proceeding. *Jackson*, 53 A.3d at 958. The trial court, however, declined to suppress these statements and then granted the Commonwealth's forfeiture motion by pointing to these statements as evidence of a nexus between Appellant's cash and cars, on the one hand, and his unlawful drug-related activities, on the other. Opinion, 7/11/17, at 29.

Because the forfeiture order relates to some extent to Appellant's criminal prosecution, he cannot appeal the forfeiture order until there is a final order in his criminal case, *i.e.*, an order that disposes of all parties and all issues. Pa.R.A.P. 341(b)(1). An appeal from a final order will allow consideration of the forfeiture issue "in the context of a complete adjudication and a fully developed record," *Rae*, 977 A.2d at 1130. This is potentially an important consideration here, for if Appellant challenges both the order

- 7 -

denying suppression and the forfeiture order in an appeal from a final order, the appellate court's disposition of the suppression issue will likely affect what evidence the appellate court may consider in connection with the forfeiture issue.[5] **See**, **e.g.**, **Jackson**, 53 A.3d at 958.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/2018

---

[5] We express no opinion on what the proper disposition of the suppression or forfeiture issues should be.