J-S19034-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellee | : | |
| v. | : | |
| LUIS E. VILLACORTA, | : | |
| Appellant | : | No. 1888 EDA 2018 |

Appeal from the Order Entered June 11, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0005228-2015

BEFORE:   LAZARUS, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JULY 09, 2019**

Luis E. Villacorta (Appellant) appeals from the June 11, 2018 order denying his petition for writ of *certiorari*. Because the June 11, 2018 order is not an appealable order, we quash this appeal.

We set forth a brief overview of the history of this case. On February 19, 2015, police stopped a vehicle due to an inoperative brake light while Appellant was sitting in the rear passenger seat of that vehicle. During a search of Appellant's person, a police officer recovered heroin.

The Commonwealth filed a criminal complaint in municipal court charging Appellant with knowing and intentional possession of a controlled substance. Appellant filed a motion to suppress the recovered heroin, which the municipal court denied. On December 11, 2015, following a bench trial

---

*Retired Senior Judge assigned to the Superior Court.

before the municipal court, Appellant was found guilty of the charged crime and sentenced to 12 months' probation.

Appellant timely petitioned for writ of *certiorari* in the Philadelphia Court of Common Pleas pursuant to Pa.R.Crim.P. 1006(A)(1)(a),[1] challenging the denial of the motion to suppress. Following a hearing, the court of common pleas denied the petition. Appellant appealed to this Court. Because the municipal court judge had not entered findings of fact and conclusions of law upon denying the motion to suppress, this Court vacated the order denying the petition for writ of *certiorari*. We remanded the case to the court of common pleas with instructions to remand the case to the municipal court for issuance of factual findings and legal conclusions, followed by reconsideration of the petition for writ of *certiorari* by the court of common pleas. ***Commonwealth v. Villacorta***, 174 A.3d 67 (Pa. Super. 2017) (unpublished memorandum).

_____

[1] By way of background,

> [w]hen the [m]unicipal [c]ourt (1) denies a motion to suppress, (2) finds the defendant guilty of a crime, and (3) imposes sentence, the defendant has the right either to request a trial *de novo* or to file a petition for a writ of *certiorari* in the Court of Common Pleas of Philadelphia County. Pa.R.Crim.P. 1006(1)(a). If the defendant files a *certiorari* petition challenging the denial of a suppression motion, the Court of Common Pleas of Philadelphia County sits as an appellate court and reviews the record of the suppression hearing in the [m]unicipal [c]ourt.

***Commonwealth v. Neal***, 151 A.3d 1068, 1070 (Pa. Super. 2016).

On remand, the municipal court entered an order denying Appellant's motion to suppress on the basis of its findings of fact and conclusions of law.[2] Order, 8/24/2017, at 1. There is an entry in the docket on March 9, 2018,[3] indicating that the court of common pleas reconsidered the petition for writ of *certiorari* in accordance with the remand instructions and granted the petition for writ of *certiorari*. The docket entry also indicates that because the municipal court's findings of fact were incorrect, the court of common pleas reversed Appellant's conviction and vacated his sentence. The docket entry states that the Commonwealth requested a date to appeal.[4]

However, according to the record we have before us, and the Commonwealth's concession in its brief, the Commonwealth did not file an appeal or a request for reconsideration, and it did not seek *nunc pro tunc* relief. Commonwealth's Brief at 6. On June 11, 2018, sixty-three days after

---

[2] No findings of fact and conclusions of law appear in the certified record transmitted to this Court. It appears that these findings of fact and conclusions of law may have been made in open court. The docket then references several continuances due to the unavailability of notes of testimony from the finding of fact hearing before the court of common pleas finally reconsidered the writ of *certiorari*.

[3] Notwithstanding this docket entry, no March 9, 2018 order appears in the record. Furthermore, if such an order exists, there is no indication in the record as to how and when such order was served on the parties.

[4] It is unclear what a date for appeal means; if the Commonwealth planned to appeal to this Court, no further proceedings in the court of common pleas were needed.

the court of common pleas granted the petition for writ of *certiorari*, the court of common pleas entered another order, this time denying Appellant's petition for writ of *certiorari*.[5] Order Denying Writ of *Certiorari*, 6/11/2018, at 1. The Court reinstated Appellant's December 11, 2015 conviction and deferred sentencing until July 13, 2018. *Id.* On June 26, 2018, prior to sentencing, Appellant filed a notice of appeal, purporting to appeal from the June 11, 2018 order. To date, Appellant has not been sentenced.

After obtaining leave to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal *nunc pro tunc*, Appellant ultimately complied with Rule 1925(b), and the court of common pleas issued a Rule 1925(a) opinion. On appeal, Appellant presents one issue:

> Did not the [court of common pleas] lose jurisdiction after 30 days to change its order granting a petition for writ of *certiorari*, and was the subsequent denial of the petition for writ of *certiorari* some 63 days after the entry of the original order a violation of 42 Pa.C.S. § 5505 (modification of orders)?

Appellant's Brief at 3.

Appellant contends the court of common pleas did not have jurisdiction to reconsider its March 9, 2018 order and enter the June 11, 2018 order based upon 42 Pa.C.S. § 5505 (prohibiting generally modification or rescission of any order more than 30 days after the order's entry). Appellant asks this Court to vacate the June 11, 2018 order, thereby reinstating the March 9,

---

[5] Although this time an order appears in the certified record, no transcript of the June 11, 2018 proceeding appears.

2018 order that reversed Appellant's conviction and vacated his sentence. Both the Commonwealth and the court of common pleas agree that the court of common pleas lacked jurisdiction to enter the June 11, 2018 order. **See** Commonwealth's Brief at 9; Court of Common Pleas Opinion, 9/4/2018, at 1, 4 (numbering supplied).

Notwithstanding the universal contention of the parties and the court of common pleas that the court of common pleas lacked jurisdiction to enter the June 11, 2018 order, we do not reach the merits of Appellant's issue because we lack jurisdiction. In order to have jurisdiction, the order before us must be appealable. **Commonwealth v. Diggs**, 172 A.3d 661, 663 (Pa. Super. 2017). The appealability of an order is an issue that we may raise *sua sponte*, as "[a]ppellate jurisdiction cannot be conferred by mere agreement or silence of the parties where it is otherwise nonexistent." **Commonwealth v. Knoeppel**, 788 A.2d 404, 406 n.2 (Pa. Super. 2001).

In order to be appealable, the order must be: "(1) a final order, **see** Pa.R.A.P. 341-42; (2) an interlocutory order appealable by right or permission, **see** 42 Pa.C.S.[] § 702(b); Pa.R.A.P. 311-12, 1311-12; or (3) a collateral order, **see** Pa.R.A.P. 313." **Id.** (some citations omitted). "Pennsylvania's Rules of Appellate Procedure place great importance on the concept of 'final orders' to establish jurisdiction to hear an appeal." **Commonwealth v. Culsoir**, ___ A.3d ___, 2019 WL 1986556, at 1 (Pa. Super. 2019). The purpose of the rule regarding final orders is to avoid "piecemeal

appeals" and "protracted litigation." ***Commonwealth v. Bowers***, 185 A.3d 358, 362 (Pa. Super. 2018). It also promotes "judicial accuracy" by allowing the court to "consider the claim in the context of a complete adjudication and a fully developed record." ***Id.***

Generally, a final order is any order that disposes of all claims and of all parties. Pa.R.A.P. 341(b). In criminal cases, it is usually the judgment of sentence that constitutes a final order for purposes of Rule 341. ***Commonwealth v. Parker***, 173 A.3d 294, 296 (Pa. Super. 2017) ("The general rule in criminal cases is that a defendant may appeal only from a final judgment of sentence, and an appeal from any prior order or judgment will be quashed."). In this case, the court of common pleas had not yet entered a judgment of sentence. Presumably because Appellant failed to appear on June 11, 2018, sentencing was deferred until a later date. Order Denying Writ of *Certiorari*, 6/11/2018, at 1.

Appellant did not seek permission to appeal the June 11, 2018 order, and it is not an interlocutory appeal as of right. ***Cf.*** Pa.R.A.P. 311(a)(6) (permitting an appeal as of right from an order awarding a new trial); Pa.R.A.P. 311(d) (permitting the Commonwealth to appeal as of right certain orders that do not end the entire case). Nor is it a collateral order, as it is central to the case, and Appellant's jurisdictional argument can be addressed on appeal from the judgment of sentence. ***See*** Pa.R.A.P. 313(b) (defining a collateral order as one that is "separable from and collateral to the main cause

of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.").

Therefore, we conclude that the June 11, 2018 order is not an appealable order, and we lack jurisdiction to hear this appeal at this time. Accordingly, we quash this appeal. *Cf. Commonwealth v. Wint*, 730 A.2d 965, 967 (Pa. Super. 1999) (quashing appeal from interlocutory order that adjudicated guilt following a trial *de novo* but did not impose judgment of sentence).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/9/19