J-A02042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAWRENCE WALK | : | |
| | : | |
| Appellant | : | No. 508 WDA 2020 |

Appeal from the Order Entered March 18, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000893-2019

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: AUGUST 12, 2021**

Lawrence Walk appeals[1] *pro se* from the order granting in part and denying in part his motion for return of property. He maintains that the trial court erred in determining that Walk forfeited $180 in cash that police seized from his person. We remand to allow Walk an opportunity to supplement the record.

Walk pleaded guilty to False Identification to Law Enforcement Authorities and Possession of Drug Paraphernalia.[2] The trial court sentenced him in August 2019 to a total of two to 12 months in jail followed by 12 months of probation.

---

[1] Appeals from forfeiture orders normally belong in Commonwealth Court. However, as neither party has objected to our jurisdiction, we will not transfer the case. **See** Pa.R.A.P. 741(a); **Commonwealth v. Bowers**, 185 A.3d 358, 362 (Pa. Super. 2018).

[2] 18 Pa.C.S.A. § 4914(a) and 35 P.S. § 780-113(a)(32), respectively.

Approximately three and half months after sentencing, in January 2020, Walk filed a Motion for Return of Property by and through his attorney, the Cambria County Chief Public Defender. Walk sought the return of $180 cash and two mobile phones seized at his arrest. **See** N.T., Guilty Plea/Sentencing, 8/13/19, at 5. Following a hearing on the motion, the trial court entered the following order:

> And now, this 17th day of March, 2020, based upon the averments of the motion and the evidence presented, the Johnstown Police Department is directed to return to the Defendant two cell phones confiscated from his person during an automobile stop on May 21, 2019. The cash in the amount of $180 confiscated from his person is forfeited to the Cambria County District Attorney's Office.

Order, filed 3/18/20.

Although Walk was represented by counsel, he filed a *pro se* document six days after the hearing, stating he was "filing a motion to appeal" and requesting "a transcript of the hearing that day." *Pro Se* Document, 3/23/20, at 2 (unpaginated). The clerk of courts forwarded the document to Walk's counsel, who filed a timely Notice of Appeal. **See** Pa.R.Crim.P. 576(A)(4). Counsel included the following statement: "Pursuant to Pa.R.A.P. 904(c), counsel for Defendant herein named represents that the complete transcript has been lodged of record at the Cambria County Clerk of Courts." Notice of Appeal, filed 4/8/20.

The court thereafter determined that Walk was not entitled to appointed counsel on his appeal and granted counsel leave to withdraw. **See** Order, filed 4/21/20. **See Commonwealth v. Rodriguez**, 172 A.3d 1162, 1163 n.1

(Pa.Super. 2017) (stating that a criminal defendant seeking return of property has no right to appointed counsel).

On appeal, Walk argues that the trial court erred in concluding that he forfeited the $180. He maintains that because the money was not "ill-gotten or used, intended to be used or to facilitate a crime or crimes," the forfeiture was illegal. Walk's Br. at 1. Walk references testimony from the hearing on the motion to support his claim.

However, despite former counsel's statement on the Notice of Appeal, the transcript of the hearing on the motion for return of property is not in the certified record. Nor is any request for the transcript. The Commonwealth therefore argues Walk's argument is waived. *See Commonwealth v. Muntz*, 630 A.2d 51, 55 (Pa.Super. 1993) ("Where a claim is dependent upon materials not provided in the certified record, that claim is considered waived"); Pa.R.A.P. 1911(d) ("If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal").

We decline to find waiver on that basis. While represented by counsel, Walk submitted a transcript request that the clerk properly forwarded to Walk's counsel without acting on it. Counsel then filed a timely Notice of Appeal incorrectly indicating that the transcript was in the record, and without submitting her own transcript request. She then withdrew from the representation. The ultimate effect is that we have an appeal before us in

which the certified record lacks a transcript we need in order to decide the case, despite Walk's efforts to order it. Although the burden of the absence of necessary materials from the certified record ordinarily falls on the appellant, we will not apply that rule here as doing so would be unjust. *See* Pa.R.A.P. 105(a), 1911(d). We instead will remand to afford Walk an opportunity, within 30 days, to take the steps necessary under Pa.R.A.P. 1911 to obtain the transcript and have it added to the certified record. *See* Pa.R.A.P. 1926(b)(1) (providing courts may on their own initiative direct supplementation and transmission of supplemental record "if anything material to a party is omitted from the record by error, breakdown in the process of the court, or accident").

Case remanded with instructions. Panel jurisdiction retained.