J-A02042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| LAWRENCE WALK | : | |
| Appellant | : | No. 508 WDA 2020 |

Appeal from the Order Entered March 18, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000893-2019

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED: MARCH 24, 2022**

Lawrence Walk appeals *pro se* from the order granting in part and denying in part his Motion for Return of Property.[1] He maintains that the trial court erred in determining that he forfeited $180 in cash that police seized from his person. We affirm.

Walk pleaded guilty to False Identification to Law Enforcement Authorities and Possession of Drug Paraphernalia.[2] When he did so, he admitted the following statement of facts by the Assistant District Attorney was true:

---

[1] Appeals from forfeiture orders normally belong in Commonwealth Court. However, as neither party has objected to our jurisdiction, we will not transfer the case. **See** Pa.R.A.P. 741(a); **Commonwealth v. Bowers**, 185 A.3d 358, 362 (Pa.Super. 2018).

[2] 18 Pa.C.S.A. § 4914(a) and 35 P.S. § 780-113(a)(32), respectively.

> Your Honor, this occurred on May 21st of 2019. Johnstown Police conducted a traffic stop on a vehicle for faulty equipment and loud exhaust. There were four occupants in the car, including [Walk]. [Walk] initially identified himself as Brian Walk to the officer, when it was later determined his name was Lawrence Walk and that he was on state parole.
>
> During a search of the vehicle, they did recover a small blue zip pouch that was found on the floor of the feet where the [Walk] had been sitting. In that pouch, they found needles, a spoon, and some empty stamp bags; that kind of paraphernalia.

N.T., Guilty Plea/Sentencing, 8/13/19, at 5-6. The trial court sentenced Walk to serve two to 12 months' confinement followed by 12 months of probation.

Several months after sentencing, Walk filed a counseled Motion for Return of Property. He sought the return of $180 cash and two cell phones seized at his arrest.

At a hearing, Walk testified that his father had given him the cash as a birthday gift and as compensation for helping him remove a tree. Walk also claimed that he had been carrying two cell phones because one belonged to his daughter, who was sitting next to him in the car at the time of the stop.

The Commonwealth did not object to the return of the cell phones, but asserted the cash was subject to forfeiture. The Commonwealth presented the testimony of the arresting officer, who stated that he had stopped the car due to a loud muffler and ultimately searched both Walk and the vehicle. The search produced "numerous items of drug paraphernalia, some controlled substances believed to be heroin." N.T., Motion For Return of Property, 3/17/20, at 6. The officer "found two cell phones and some cash on [Walk]." *Id.* at 7. The officer recounted that there was "a bag by [Walk]'s feet" that

- 2 -

had "narcotics and drug paraphernalia within it, and it appeared it was kicked underneath the seat. It was kicked under the seat at his feet. . . . [A]ccording to my recollection[,] I think there was a crack pipe and some needles." *Id.*

The officer elaborated that he is "a member of the Drug Task Force Attorney General's Office with the FBI Safe Streets" and had recently attended "Northeast Counterdrug Training Center for traffic stops and drug interdiction." *Id.* at 8. He stated that according to his training and experience, finding items commonly involved in drug trafficking together – such as numerous cell phones, cash, and narcotics or drug paraphernalia – indicates that the items are being used in drug trafficking. *Id.* He explained that here, he concluded that Walk was going to use the $180 to buy or sell drugs because of the drug paraphernalia, narcotics, and cell phones. He also pointed out that "all four individuals in the vehicle had warrants. Some were fugitives. Some were on state parole." *Id.* at 9. Although Walk claimed one of the phones belonged to his daughter, the officer said he believed the phones were indicative of drug trafficking because the woman Walk said was his daughter was "a grown woman and she can have her own cell phone." *Id.* at 10.

Following the hearing, the trial court directed the police to return Walk's cell phones but ordered that the "$180 confiscated from [Walk's] person is forfeited to the Cambria County District Attorney's Office." Order, filed

3/18/20. Walk's counsel filed a timely Notice of Appeal and then withdrew from representation.[3,4]

Walk's *pro se* brief largely does not conform to the Rules of Appellate procedure. He did not include any of the "separately and distinctly entitled" sections required in an appellant's brief. **See** Pa.R.A.P. 2111(a). Perhaps an even bigger impediment to our conducting appellate review in this case is the near total absence of any citation to authority. Concomitantly, Walk has also failed to explain the reasons that legal authorities require a different outcome than the one the trial court reached. We could find waiver of all of Walk's arguments because of these flaws. **See Commonwealth v. Thomas**, 215 A.3d 36, 51 (Pa. 2019). However, we believe we understand the issues he intends to argue, and they are not unusual or novel. In the interest of justice, we will address the arguments that we discern in his brief. **See**

---

[3] **See Commonwealth v. Rodriguez**, 172 A.3d 1162, 1163 n.1 (Pa.Super. 2017) (stating that a criminal defendant seeking return of property has no right to appointed counsel).

[4] When this appeal first came before us, the transcript of the hearing on the Motion for Return of Property was not in the certified record. We declined to find waiver on that basis because Walk had made a *pro se* attempt to obtain the transcript while he was still represented by counsel, and counsel, before withdrawing, had erroneously stated on the Notice of Appeal that the transcript had been filed. We remanded to the trial court to afford Walk the opportunity to have the transcript added to the certified record. Walk failed to obtain the transcript, and when the case returned to us, we issued a Rule to Show Cause directing Walk to explain why we should not find waiver. In response, Walk asked the trial court for the transcript and sent a copy of the request to this Court. We ordered the trial court to comply with Walk's request, and the trial court has since supplemented the record with the pertinent transcript. **See** Pa.R.A.P. 1926(b)(1).

*Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa.Super. 2003). If Walk intended anything different or additional than what we address, it is waived.

We first perceive an argument that the trial court erred in denying his motion because the $180 was not "ill-gotten or used, intended to be used or to [sic] facilitate a crime or crimes." Walk's Br. at 1. He points out that the officer testified that the only items recovered from his person were his cash and cell phones. *Id.* at 2. Walk further asserts that the court's finding the cash subject to forfeiture contradicts its decision to return his cell phones, because "[i]t is either legal or not legal." *Id.* at 2; *see also id.* at 4.

We review a forfeiture determination to consider "whether [the] findings of fact made by the trial court are supported by substantial evidence, and whether the trial court abused its discretion or committed an error of law." *Commonwealth v. Real Prop. & Improvem'ts Commonly Known as 5444 Spruce St., Phila.*, 832 A.2d 396, 398 (Pa. 2003).

The trial court found the $180 subject to forfeiture under 42 Pa.C.S.A. § 5802(6)(i)(B). That provision allows for forfeiture of money "used or intended to be used to facilitate any violation of The Controlled Substance, Drug, Device and Cosmetic Act [("CSA)"]." 42 Pa.C.S.A. § 5802(6)(i)(B); *see* Order, 9/2/20.[5] Once the Commonwealth alleges that property is subject to forfeiture, the burden shifts to the claimant to prove lawful ownership by a preponderance of the evidence. *Commonwealth v. All That Certain Lot or*

---

[5] In lieu of filing a Rule 1925(a) opinion, the trial court issued an order stating it had relied on this section.

***Parcel of Land Located at 4714 Morann Ave., Houtzdale, Clearfield Cty.***, 261 A.3d 554, 560 (Pa.Super. 2021) (citing 42 Pa.C.S.A. § 5805(j)(2)). If the claimant does so, the burden returns to the Commonwealth to prove by clear and convincing evidence that the property was unlawfully used, possessed or otherwise subject to the forfeiture. 42 Pa.C.S.A. § 5805(j)(3).

The Commonwealth need not "produce evidence directly linking the seized property to illegal activity." ***Commonwealth v. $34,440.00 U.S. Currency***, 174 A.3d 1031, 1039 (Pa. 2017). Rather, it only has to establish a nexus between the seized property and a violation of the Act. ***Id.*** That nexus can be supplied by the rebuttable presumption that money found in close proximity to an illegally possessed, controlled substance is the proceeds of the illegal sale of controlled substances. ***See*** 42 Pa.C.S.A. § 5802(6)(ii).

Here, the Commonwealth presented evidence that there were drugs and drug-related items in the vehicle, including at Walk's feet, and Walk pleaded guilty to possessing drug paraphernalia. His argument that he did not possess any drug-related items therefore holds no water. The officer's testimony about drug trafficking provided the required nexus between the contraband at Walk's feet and the vehicle, the cell phones, and the $180 cash. The rebuttable presumption of Section 5802(6)(ii) applied here because the illegal drugs at Walk's feet were in close proximity to the cash on his person. ***See $34,440.00 U.S. Currency***, 174 A.3d at 1039; 42 Pa.C.S.A. § 5802(6)(ii).

The court therefore did not abuse its discretion in finding the Commonwealth had presented clear and convincing evidence to overcome

Walk's bald contention that he had gotten the money lawfully. Nor did the court contradict itself by ordering the cell phones returned. It did not address whether the cell phones were subject to forfeiture because the Commonwealth had not objected to their return.

Walk also claims the police testimony at the forfeiture hearing contradicts the police affidavit, which he attached to his brief. **See** Walk's Br. at 2, Exh. Walk does not identify the portion of the police testimony that he contends contradicted the affidavit. Furthermore, the affidavit was not presented as evidence at the motion hearing, and Walk failed to raise any alleged contradiction at the time of the hearing. He cannot raise this issue for the first time on appeal. **See** Pa.R.A.P. 302(a).

Finally, Walk asserts that the court erred in ordering the forfeiture of the $180 because the police obtained it during an illegal search and seizure. Walk's Br. at 3-4. But Walk did not contest the legality of the search or seizure in connection with his Motion for Return of Property. **See** Pa.R.Crim.P. 588(C) (providing motion to suppress may be joined with motion for return of property). Indeed, he did not move to suppress before he pleaded guilty. He is unable to raise suppression before this Court in the first instance, and this claim is therefore waived. **See** Pa.R.A.P. 302(a).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/24/2022</u>