J-S14019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANKLYN M. GEIGER, JOYCE MILES | : | |
| | : | |
| | : | No. 1380 WDA 2022 |
| APPEAL OF: FRANKLYN M. GEIGER | : | |

Appeal from the Order Entered October 25, 2022
In the Court of Common Pleas of Warren County Civil Division at No(s):
11 of 2016

BEFORE:   PANELLA, P.J., BENDER, P.J.E., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED: August 2, 2023**

Appellant, Franklyn M. Geiger, appeals *pro se* from the trial court's October 25, 2022 stipulation order which, *inter alia*, decreed the properties of 11 Madison Avenue, 13 Madison Avenue, and 414 Laurel Street (the "Properties"), all located in the City of Warren, to be forfeited as to Appellant. To give a brief overview, Appellant had already consented to the forfeiture of these Properties via a consent order entered in his criminal case, but no such forfeiture had been entered on the related civil forfeiture docket until the trial court's October 25, 2022 stipulation order. Upon review, we affirm the trial court's order.

The trial court provided the following background on this matter:

_____

[*] Retired Senior Judge assigned to the Superior Court.

At his criminal docket (**Commonwealth v. Franklyn P. Geiger**, Warren County Docket No. 149 of 2016), … Appellant entered into a plea agreement whereby … Appellant entered into a consent order with the Commonwealth whereby he agreed to forfeit certain real estate including the [Properties].[1] … Appellant later filed a challenge to the forfeiture[,] which was dismissed by the trial court. Appellant appealed to the Pennsylvania Superior Court[,] and … [it] held that Appellant was not entitled to relief. [**Commonwealth v. Geiger**, 222 A.3d 820 (Pa. Super. 2019) (unpublished memorandum).[2]] No petition for allowance of appeal was filed to the Pennsylvania Supreme Court. Appellant also executed a deed to the Commonwealth for the [P]roperties in question.[3]

---

[1] For chronological context, the Commonwealth filed the criminal charges against Appellant in May of 2016. He subsequently entered a negotiated guilty plea and was sentenced on October 28, 2016. **See Commonwealth v. Geiger**, 2019 WL 5063401, at *1 (Pa. Super. Oct. 9, 2019). The consent order was filed in that case on September 9, 2016. **See** Warren County Commissioners' Petition to Intervene and Motion to Declare Forfeiture, 5/9/22, at Exhibit F (Consent Order).

[2] Specifically, Appellant appealed from the trial court's order granting the Commonwealth's motion to dismiss Appellant's "Petition to Open Consent Order/Forfeiture Judgment" and Motion for Return of Property. On appeal, this Court determined that Appellant was bound by the consent order and not entitled to any relief with respect to the Properties, which were listed in the consent order. **See Geiger**, 2019 WL 5063401, at *3 ("[Appellant] is due no relief with respect to any items explicitly listed in the consent order."). However, we remanded the case so that Appellant could "develop his claim that the Commonwealth retained the property identified in his petition that is not explicitly listed in the consent order." **Id.**

[3] Our review of the record shows that Appellant only executed a quitclaim deed to the Commonwealth for the 11 Madison Avenue property. He executed this quitclaim deed with Joyce Miles, another owner of record for that property, in the fall of 2016. The record reflects that Ms. Miles executed quitclaim deeds to the Commonwealth for the remaining Properties in the fall of 2016. While Ms. Miles was the sole record owner for the properties at 13 Madison Avenue and 414 Laurel Street, she represented in prior affidavits from 2015 that Appellant was the true owner of those properties. **See generally** Warren County Commissioners' Petition to Intervene and Motion to Declare Forfeiture at Exhibits A-E.

The Commonwealth initiated civil forfeiture proceedings at the civil docket (Warren County Docket No. MLD 11 of 2016) regarding the same [P]roperties.[4] No order was requested or entered at that docket for the forfeiture of the same [P]roperties. Following the forfeiture, a dispute arose between the Warren County Commissioners and the Warren County District Attorney regarding the [P]roperties. Municipal liens and unpaid real estate taxes were discovered. The [C]ounty was incurring expenses in maintaining the premises. After years of ongoing negotiations, Warren County filed a Petition to Intervene in the civil action and requested that the parcels be sold. As no forfeiture against … Appellant and [Ms.] Miles had been filed at the civil docket, the County included them in the action.

A hearing was conducted on October 13, 2022, with Appellant participating by video from his State Correctional Institution and Ms. Miles in person represented by counsel. The [c]ourt advised Appellant and Ms. Miles at the outset that they had no interest in the [P]roperties as they had been forfeited and the forfeiture was upheld by the Superior Court. Ms. Miles, through counsel, indicated that she had no interest in the [P]roperties, was not opposed to the forfeiture, and was permitted to leave the hearing.[5] Appellant attempted to argue that he had been negotiating with the [C]ounty in the past about a return of the [P]roperties and, therefore, he wanted to pursue those negotiations. The [c]ourt informed Appellant that he had no interest in the [P]roperties and could bid on them at any future public sale. The [c]ourt then facilitated a settlement between the County Commissioners and the District Attorney regarding the [P]roperties. This settlement is embodied in the [s]tipulation [o]rder dated October 24, 2022.[6]

---

[4] The Commonwealth initiated the civil forfeiture proceedings in February of 2016, but that docket apparently sat dormant from September of 2016 until May of 2022.

[5] At the hearing, Ms. Miles expressly disclaimed her interests in the properties at 11 and 13 Madison Avenue. N.T., 10/13/22, at 7. She did not expressly disclaim her interest in 414 Laurel Street, but we believe this was merely an oversight on her counsel's part.

[6] The stipulation order was dated October 24, 2022, but not filed until October 25, 2022.

Trial Court Opinion ("TCO"), 1/9/23, at 1-2 (unpaginated).

Appellant filed a timely, *pro se* notice of appeal from the stipulation order.[7,8] The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After seeking an extension to file his statement, Appellant timely did so. The trial court then issued a Rule 1925(a) opinion.[9]

_____

[7] In his notice of appeal, Appellant purported to appeal on behalf of Ms. Miles as well. However, for the reasons set forth *infra*, Appellant may not appeal and raise arguments on her behalf.

[8] We recognize that "[t]he Commonwealth Court normally has jurisdiction over appeals from forfeiture orders, so when, as here, a party appeals a forfeiture order to this Court, we have the discretion to transfer the appeal to the Commonwealth Court under Pa.R.A.P. 741(a)." ***Commonwealth v. Bowers***, 185 A.3d 358, 362 (Pa. Super. 2018); ***see also*** Pa.R.A.P. 741(a) ("The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court."). However, "when neither party objects, we can elect to exercise jurisdiction over a forfeiture appeal." ***Bowers***, 185 A.3d at 362 (citation omitted). Here, no party has objected to our jurisdiction, and we decline to transfer this appeal to the Commonwealth Court.

[9] In its Rule 1925(a) opinion, the trial court observed that Appellant's concise statement consisted of a four-page narrative that failed to comply with Rule 1925(b), and it stated that the errors that Appellant complained of were "redundant and frivolous." TCO at 3 (unpaginated). As a result, it declined to address Appellant's issues.

While we agree with the trial court that Appellant's concise statement is verbose and somewhat incoherent, we do not believe he presented his issues in bad faith, and therefore decline to dismiss his appeal on this basis. ***See Creighton v. Kiddie Academy of Plumsteadville***, 2020 WL 4038046, at *3 (Pa. Super. July 17, 2020) (unpublished memorandum) (declining to dismiss
*(Footnote Continued Next Page)*

Appellant presents eight issues for our review, which we re-produce

*verbatim*:

> 1. DID THE COURT VIOLATE THE APPELLANT'S DUE PROCESS RIGHTS BY NOT SERVING THE APPELLANT AN (30) DAY NOTICE FOR THE HEARING HELD ON OCTOBER 13, 2022 WITHOUT SERVING SAID NOTICE UPON THE APPELLANT WHO WAS A NAMED DEFENDANT IN THE MATTER/
>
> 2. DID THE COURT VIOLATE THE RULES OF COURT BY FAILING TO HOLD A PROPERLY REQUESTED SETTLEMENT CONFERENCE. BY A PARTY TO THE ACTION AS ALLOWED FOR ALL PARTIES IN A CIVIL DISPUTE
>
> 3. DID THE COURT FAIL TO RECOGNIZE THE APPELLANT'S RIGHT TO SETTLE CLAIMS OF DAMAGE TO HIS PROPERTY PURPETRATED BY AGENTS IN THE EMPLOY OF THE COUNTY COMMISSIONER'S THAT HE AND THE COUNTY COMMISSIONER'S ALREADY ENTERED INTO SETTLEMENT NEGOATIATIONS THAT WAS TO BE PART OF THE PREPOSED SETTLEMENT CONFERENCE IN THIS MATTER?
>
> 4. DID THE COURT ACT IN AN INPROPER MANOR BY BY RULING ALL DEBTS ESTABLISHED BY THE COMMONWEALTH DURING THERE OWNERSHIP BE SETTLED INFULL BEFORE SALE OF PROPERTIES EXCEPT TO THE APPELLANT ONCE A SETTLEMENT AGREEMENT WERE PREPOSED THAT INCLUDED THEM?
>
> 5. DID THE COURT IN IT'S FAILURE TO RECOGNIZE THE PREVIOUS SUPERIOR COURT RULING UNDER GEIGER V. COM. NO. 645 WDA 2018. THAT RULE THERE WAS NO FORFEITURE ACTION IN THE MATTER THEREBY MAKE IT'S RULINGS WITH A

_____

appeal based on concise statement where it was not clear that the appellant used the concise statement to intentionally subvert the intent of Rule 1925(b)); *see also* Pa.R.A.P. 126(b) (stating that an unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019, may be cited for its persuasive value).  In addition, we determine that the lack of a trial court opinion in this matter does not hamper our review, and a remand for the preparation of an additional Rule 1925(a) opinion is not necessary.  ***See Commonwealth v. Widger***, 237 A.3d 1151, 1158 n.5 (Pa. Super. 2020) (determining that "the lack of a Rule 1925(a) opinion does not preclude this Court's review of the merits of [the a]ppellant's issues based upon our review of the record").

FLAWED UNDERSTANDING OF THE LAW IN THE MATTER? WHEN BASING ITS RULINGS OFF OF FORFEITURE LAW NOT CONTRACTUAL LAW?

6. WAS THE ORIGINAL CONSENT ORDER FATALLY FLAWED UPON CONCEPTION WHEN IT FAILED TO ESTABLISH JURISDICTION OVER ALL PARTIES INVOLVED IN THE MATTER, THEREBY MAKING THE COMMONWEALTH AND THE APPELLANT PARTIES TO AN ILLEGAL CONTRACT THERBY NULLIFING THE ORIGINAL CONSENT ORDER?

7. DID THE COURT ERROR WHEN IT CHANGED THE ORIGINAL CONSENT ORDER WITHOUT THE CONSENT AND AGREEMENT OF ALL PARTIES INVOLVED IN THE ORIGINAL CONSENT

8. DOES THE APPELLANT HAVE THE RIGHT TO RAISE ARGUEMENTS FOR NON-PARTY JOYCE MILES FOR NON-JURISDICTION ISSUES OF ORIGINAL CONSENT DECREE OF 149 OF 2016

Appellant's Brief at 4-5.

**I.**

In Appellant's first issue, he argues that the trial court violated his due process rights by not serving him with thirty-day notice of the October 13, 2022 hearing. No relief is due on this basis.

Initially, Appellant provides no applicable support that he was entitled to **thirty-day** notice of the hearing.[10] Further, although our review of the record confirms that Ms. Miles failed to serve Appellant with her August 10, 2022 motion to continue the hearing pursuant to Pennsylvania Rule of Civil Procedure 440, and the trial court did not provide Appellant with its order

---

[10] Appellant cites to Pennsylvania Rule of Civil Procedure 401, which states that "[o]riginal process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint." Pa.R.Civ.P. 401(a). However, this rule applies to original process, not to a court order scheduling a hearing.

scheduling the hearing for October 13, 2022, in accordance with Pennsylvania Rule of Civil Procedure 236, Appellant nevertheless appeared at the October 13, 2022 hearing.[11]  While he generally complains that the lack of notice denied him the ability to prepare "a proper defense" and procure witnesses for the October 13, 2022 hearing, he does not elaborate on any specifics nor explain how his defense would have differed had he received proper notice. Appellant's Brief at 8.  Importantly, Appellant had no legal interest in the at-issue Properties at the time of the October 13, 2022 hearing, as he had previously agreed to forfeit the Properties in his criminal proceeding, and he and Ms. Miles executed deeds to the Commonwealth for the Properties.  **See** 42 Pa.C.S. § 5805(l) ("A defendant in a criminal case who disclaims ownership of property during the criminal case may not claim ownership during a subsequent forfeiture proceeding.").  Given his lack of legal interest in the Properties, his appearance at the hearing, and the lack of specifics he provides about how his 'defense' would have changed if given proper notice, no relief is due on Appellant's first issue.

**II.**

_____

[11] We admonish Ms. Miles and the trial court for failing to comply with the Rules.  **See** Pa.R.Civ.P. 236(a) ("The prothonotary shall immediately give written notice of the entry of … any other order or judgment to each party's attorney of record or, if unrepresented, to each party."); Pa.R.Civ.P. 440(a)(1) ("Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action.").

In Appellant's second issue, he argues that the trial court violated Pennsylvania Rule of Civil Procedure 212.3 by failing to hold a properly requested settlement conference. Appellant's Brief at 8-9; *see* Pa.R.Civ.P. 212.3(a)(5) ("In any action at any time the court, *sua sponte* or on motion of any party, **may** direct the attorneys for the parties or any unrepresented party to appear for a conference to consider … [s]ettlement and/or mediation of the case[.]") (emphasis added).

Again, no relief is due. Rule 212.3 does not require the trial court to hold a settlement conference; instead, it simply states that the trial court may do so. Thus, the trial court did not violate Rule 212.3 by not holding a settlement conference.

## III.

In Appellant's third issue, he argues that the trial court "fail[ed] to recognize [his] right to settle claims of damage to his property purpetrated [*sic*] by agents in the employ of the County commissioner's [*sic*] that he and the County commissioner's [*sic*] already entered into settlement negoatiations [*sic*] that was to be part of the preposed [*sic*] settlement conference in this matter[.]" Appellant's Brief at 9 (unnecessary capitalization omitted). Problematically, Appellant provides no argument on this issue. Accordingly, it is waived. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability

to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.") (citations omitted).

**IV.**

In Appellant's fourth issue, he contends that the trial court "act[ed] in an inproper [*sic*] manor [*sic*] by by [*sic*] ruling all debts established by the Commonwealth during there [*sic*] ownership be settled infull [*sic*] before sale of Properties except to … Appellant once a settlement agreement were preposed [*sic*] that included them." Appellant's Brief at 9 (unnecessary capitalization omitted). While Appellant's argument is not the model of clarity, it appears that he is complaining that the trial court impermissibly changed the consent order, and refused to accept a settlement agreement between Appellant and the County.

This claim fails. To begin, nothing in the record indicates that the trial court changed the consent order. The consent order stated that the Properties, among other things, are forfeited to the Warren County District Attorney's Office/Warren County Drug Task Force. **See** Consent Order at 1. At the October 13, 2022 hearing, the trial court fully recognized that the Properties were forfeited. **See** N.T. at 3-4 ("Clearly the [C]ounty has good title to the … three [P]roperties in question. Not only was my forfeiture order at the criminal dockets affirmed by the Superior Court, both [Appellant] and Ms. Miles executed quit[claim] deeds to the [C]ounty for the [P]roperties. So the [C]ounty owns the property [*sic*] subject to the provisions of the Forfeiture Act."). Thus, it did not change the consent order.

Furthermore, the record does not support that Appellant and the County had reached a settlement. **See also** Warren County Commissioner Office's Brief at 27 (refuting that the parties had reached a settlement). Therefore, Appellant's claim that the trial court refused to enforce their settlement agreement is meritless. To the extent the trial court refused to entertain Appellant's requests to pursue a settlement, the trial court reasonably explained that Appellant no longer has any interest in the Properties due to the consent order and the quitclaim deeds, and noted that he may bid on the Properties when the County puts them up for public sale. N.T. at 8-9. Therefore, no relief is due on Appellant's fourth issue.

**V.**

In Appellant's fifth issue, he says that the trial court failed to recognize the previous Superior Court ruling that there was no forfeiture action. Appellant's Brief at 11. He points to our decision in his appeal challenging the consent order and asking for his property to be returned, where we stated that "the Commonwealth never petitioned for forfeiture in this matter. Rather, the parties reached a consensual agreement which was reduced to writing." **Geiger**, 2019 WL 5063401, at *2.

Appellant does not make clear why this statement in our previous decision matters now and how the trial court failed to recognize it. Thus, this issue is waived. **See Hardy**, **supra** ("This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may

dismiss the appeal entirely or find certain issues to be waived."). Nevertheless, we will provide context for why we said in the earlier decision that the Commonwealth did not petition for forfeiture. In that appeal, Appellant argued that the trial court erred in not voiding the consent order, setting forth various arguments in support based upon the Rules of Civil Procedure and the procedures to be followed when the Commonwealth initiates a forfeiture proceeding. *Geiger*, 2019 WL 5063401, at *1; *see also* *id.* at *2 (recognizing that "[a] forfeiture proceeding initiated by the Commonwealth is civil in nature and governed by the Rules of Civil Procedure") (citation omitted). The crux of his argument was that he did not know that he had a right to a civil trial and could dispute the facts asserted. *Id.* at *1. In addressing this argument, we essentially explained that the Commonwealth did not proceed under the Forfeiture Act but rather the parties reached an agreement (*i.e.*, the consent order) that resolved the Commonwealth's claims under the Forfeiture Act to the listed property. *Id.* at *2. As such, the Commonwealth did not have to follow the Rules of Civil Procedure and/or the procedures of the Forfeiture Act, and therefore Appellant's claim for why the consent order should be voided failed.

Because Appellant does not clearly explain how the trial court failed to recognize our previous decision, Appellant's fifth issue warrants no relief. Further, to the degree Appellant says our previous decision represented that there was no forfeiture action, that statement must be read in the context of the decision as set forth *supra*.

## VI.

In Appellant's sixth issue, he contends that the consent order was fatally flawed when it failed to establish jurisdiction over all parties involved in the matter, thereby making the Commonwealth and Appellant parties to an illegal contract. Appellant's Brief at 12. While Appellant's argument is again far from clear, it appears that he is complaining that the consent order was entered without jurisdiction over Ms. Miles.

It is improper for Appellant to attack the consent order entered in his criminal case in this separate civil forfeiture action. Further, Ms. Miles executed quitclaim deeds for the Properties in the fall of 2016, and asked to be excused at the October 13, 2022 hearing after again renouncing her property interests. N.T. at 7-8. As such, Appellant's confusing argument calls for no relief.

## VII.

In Appellant's seventh issue, he claims that the trial court erred when it changed the original consent order without the consent and agreement of all the parties. Appellant's Brief at 14. No relief is due. We have already determined that the trial court did not change the consent order. **See** Issue IV, **supra**.

## VIII.

In Appellant's eighth issue, he argues that he has "the right to raise arguements [sic] for non-party [Ms.] Miles for non-jurisdiction issues of original consent decree of 149 of 2016." Appellant's Brief at 15 (unnecessary

capitalization omitted). At the outset, it does not appear that he raised this issue in his Rule 1925(b) concise statement. Accordingly, it is waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); ***see also Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation[. T]herefore, we look first to the language of that order.") (citations omitted); Trial Court Order, 12/9/22, at 1 (directing Appellant to file a Rule 1925(b) statement and warning that "[a]ny issue not properly included in the statement timely filed and served shall be deemed waived"); Trial Court Order, 11/21/22, at 1 (same).

Even if not waived on that basis, we would not grant Appellant relief. Though his argument is nearly indecipherable, he seems to assert that he can raise arguments for Ms. Miles because the trial court reopened the consent order at the October 13, 2022 hearing after Ms. Miles had already excused herself from the hearing. We reiterate that the trial court did not reopen the consent order, which was entered in a separate case, and repeat that Ms. Miles was represented by counsel at the hearing and disclaimed her property interests. ***See*** Issue IV, ***supra***. Further, she chose not to file an appeal in this matter. Therefore, even if preserved, Appellant's eighth issue would fail as well.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2023